477 So.2d 985 (1985)
THE FLORIDA BAR re: STANDARD JURY INSTRUCTIONS CRIMINAL CASES.
No. 67396.
Supreme Court of Florida.
October 10, 1985.
Stephen H. Grimes, Chairman, Lakeland, for the Committee On Florida Standard Jury Instructions In Criminal Cases, Petitioner.
PER CURIAM.
The Supreme Court Committee on Florida Standard Instructions in Criminal Cases has submitted the following report and recommendations as to amendments to the standard instructions in criminal cases:
1. As presently written, the sentencing charge in capital cases states that the jury's recommendation must be made by a majority, whereas case law dictates that a tie vote results in a recommendation of life imprisonment. Therefore, pages 81 and 82 should be changed as indicated by the attached pages (exhibit 1). Likewise, the model charge on murder on pages lii and liii should be changed to reflect this amendment (exhibit 1A).
2. A new manslaughter instruction is submitted to take the place of the one which appears on page 68 (exhibit 2). The new instruction is intended to make clear the residual aspect of manslaughter and to substitute a new definition of culpable negligence more nearly in line with current law. Subsequent to publication, the first "note to judge" was eliminated to make certain that the instruction complied with the rationale of cases such as Delaford v. State, 449 So.2d 983 (Fla. 2d DCA 1984). The model charge on murder should be changed on pages xliii and xliv to reflect the new manslaughter instruction (exhibit 2A).
3. In chapter 82-164, Laws of Florida, the legislature amended the theft statute, section 812.014, and repealed the statute prohibiting unauthorized temporary use, section 812.041. The existence of this statute did not come to our attention until after The Florida Bar News publication. Therefore, the first line of element 2 of the theft instruction which appears on page 147 should be changed to read: "2. He did so with intent to, either temporarily or permanently," and the Note to Judges which appears between elements 1 and 2 should be eliminated. The instruction on unauthorized temporary use which appears on page 152 should be eliminated. Finally, the crime of unauthorized temporary use which appears as category (2) offenses under first and second degree grand theft on page 265 of the schedule of lesser included offenses and the accompanying case citation should be eliminated.
4. On page 272 of the schedule of lesser included offenses, an asterisk should be placed after the category (1) offense under sale, manufacture, delivery or possession with intent to sell, manufacture *986 or deliver a controlled substance. This asterisk should read: "Provided that charged offense is a second degree felony under section 893.13(1)(a)1." The reason for this is that a conviction under section 893.13(1)(e) is a third degree felony and can only be a lesser included offense if the requisite charge is a second degree felony. Some of the charges under section 893.13(1)(a) are not second degree felonies.
5. In State v. Lowery, 419 So.2d 621 (Fla. 1982), the Supreme Court held that the defendant need not be present at the scene of the crime in order to be guilty of second degree felony murder. Therefore, under the instruction for second degree felony murder which appears on page 66, the words "was present and" which appear under element number 3 should be eliminated.
6. A new definition of culpable negligence has been adopted so as to more nearly reflect current law. Therefore, a new instruction on culpable negligence is submitted to take the place of the one which appears on page 91 (exhibit 3).
7. The current instructions do not contain kidnapping and false imprisonment instructions. Appropriate instructions on these subjects are submitted (exhibit 4). The form of the instruction was slightly changed after publication so as to make it consistent with the format of the other instructions.
8. The current instructions include substantial duplication with respect to the various charges on self defense in that they appear separately on pages 40-45 and again under homicide on pages 71-75. To take the place of these instructions the committee has prepared new instructions on self defense which should appear as sections 3.04(d), 3.04(e), and 3.04(f), beginning at page 40 (exhibit 5). The instructions were rearranged and slightly rewritten after publication when it was decided to break them down under the headings of justifiable use of nondeadly force, justifiable use of deadly force, and justifiable use of force by law enforcement officer. There are, however, two changes of a substantive nature. First, under justifiable use of force by a law enforcement officer, a new instruction has been prepared with respect to making an arrest of a suspected felon pursuant to the recent decision of Tennessee v. Garner, [___ U.S. ___, 105 S.Ct. 1694, 85 L.Ed.2d 1] (1985). The second substantive change is a new instruction under justifiable use of force in resisting arrest under section 776.051(1). This new instruction would take the place of the ones on that subject which no appear on page 43 and page 75. The reason for this new instruction is to reflect the rulings in Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), and Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985), which hold that in light of section 776.012 our current instruction is incorrect. Neither of the two substantive changes was included in The Florida Bar News because the need for them was not brought to our attention until after publication.
9. On page 259 of the schedule of lesser included offenses, a double asterisk should appear after culpable negligence  784.05(2) and culpable negligence  784.05(1) which appear as category (1) lesser included offenses to manslaughter. The double asterisk should read: "But see Smith v. State, 330 So.2d 526 (Fla. 4th DCA 1976), and Murray v. State, 328 So.2d 501 (Fla. 4th DCA 1976)." The committee believes the schedule to be correct but wishes to call attention to cases which could be construed as holding to the contrary.
10. Element 3 in trafficking in cocaine on page 230 should be changed so as to coincide with element 2. Thus, element 3 should read: "3. The quantity of the substance involved was twenty-eight grams or more." The wording but not the meaning was changed after publication for purposes of consistency.
11. In view of rule 3.390, Florida Rules of Criminal Procedure, effective January 1, 1985, the present instruction *987 2.06 should be eliminated. It need not be replaced by a new instruction because item 5 under instruction 2.05 which appears on page 21 advises the jury that it is the judge's job to determine the proper sentence if the defendant is found guilty.
12. Elements 2 and 3 in trafficking in illegal drugs which appear on page 232 should be changed to allow for a charge on a mixture of an illegal substance as follows: "2. The substance was [(specific substance alleged)] [a mixture containing (specific substance alleged)]. 3. The quantity of the substance involved was four grams or more."
13. The statute on lewd, lascivious or indecent conduct was amended in 1984 to refer to children under the age of sixteen. § 800.04, Fla. Stat. (1984). Therefore, the word "fourteen" which appears under element 1 on page 122 should be changed to read "sixteen." The need for this change was not brought to our attention until after publication of the proposed amendments.
In our publication in The Florida Bar News we had proposed several additional changes in the schedule of lesser included offenses. However, since that date the Supreme Court issued its opinion in Rotenberry v. State, 468 So.2d 971 (Fla. 1985), which appears contrary to the underlying rationale of substantial portions of the schedule of lesser included offenses. Therefore, the committee deemed it advisable not to submit the proposed changes at this time and is considering the necessity of revamping the entire schedule.
Since the last revision of the Florida Standard Jury Instructions in Criminal Cases in 1981, the legislature has changed the numbering of several criminal statutes, thereby making obsolete some of the numbering which now appears in the instruction book. Rather than outlining the numbering changes in this report, the committee requests authorization to make the necessary numbering changes in subsequent Florida Bar publications of the instruction book.
The report is accepted and the recommended changes in the instructions are approved.[*] The committee's requested authorization to make the necessary numbering changes in subsequent Florida Bar publications of the instruction book is granted. The exhibits are set out following this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.

*988
 EXHIBIT 1
 conduct to the requirements of law was substantially
 impaired;
 7. The age of the defendant at the time of the crime;
 8. Any other aspect of the defendant's character or record, and
 any other circumstance of the offense.
 Each aggravating circumstance must be established beyond a reasonable
doubt before it may be considered by you in arriving at your decision.
 If one or more aggravating circumstances are established, you should
consider all the evidence tending to establish one or more mitigating
circumstances and give that evidence such weight as you feel it should
receive in reaching your conclusion as to the sentence that should be
imposed.
 A mitigating circumstance need not be proved beyond a reasonable doubt
by the defendant. If you are reasonably convinced that a mitigating
circumstance exists, you may consider it as established.
 The sentence that you recommend to the court must be based upon the
facts as you find them from the evidence and the law. You should weigh the
aggravating circumstances against the mitigating circumstances, and your
advisory sentence must be based on these considerations.
 In these proceedings it is not necessary that the advisory sentence
of the jury be unanimous.
 The fact that the determination of whether you recommend a sentence
of death or sentence of life imprisonment in this case can be reached by a
single ballot should not influence you to act hastily or without due
regard to the gravity of these proceedings. Before you ballot you should
carefully weigh, sift and consider the evidence, and all of it, realizing
that human life is at stake, and bring to bear your best judgment in
reaching your advisory sentence.
 If a majority of the jury determine that (defendant) should be
sentenced to death, your advisory sentence will be:
*989 A majority of the jury, by a vote of _____, advise and
 recommend to the court that it impose the death penalty
 upon (defendant).
 On the other hand, if by six or more votes the jury determines that
(defendant) should not be sentenced to death, your advisory sentence will
be:
 The jury advises and recommends to the court that it
 impose a sentence of life imprisonment upon (defendant)
 without possibility of parole for 25 years.
 You will now retire to consider your recommendation. When you have
reached an advisory sentence in conformity with these instructions, that
form of recommendation should be signed by your foreman and returned to
the court.
*990 EXHIBIT 1A
 2. The crime for which the defendant is to be sentenced was
committed while he was under the influence of extreme mental or emotional
disturbance.
 3. The capacity of the defendant to appreciate the criminality of
his conduct or to conform his conduct to the requirements of law was
substantially impaired.
 4. The age of the defendant at the time of the crime.
 5. Any other aspect of the defendant's character or record, and any
other circumstance of the offense.
 Each aggravating circumstance must be established beyond a
reasonable doubt before it may be considered by you in arriving at your
decision.
 If one or more aggravating circumstances are established, you should
consider all the evidence tending to establish one or more mitigating
circumstances and give that evidence such weight as you feel it should
receive in reaching your conclusion as to the sentence that should be
imposed.
 A mitigating circumstance need not be proved beyond a reasonable
doubt by the defendant. If you are reasonably convinced that a mitigating
circumstance exists, you may consider it as established.
 The sentence that you recommend to the court must be based upon the
facts as you find them from the evidence and the law. You should weigh the
aggravating circumstances against the mitigating circumstances, and your
advisory sentence must be based on these considerations.
 In these proceedings it is not necessary that the advisory sentence
of the jury be unanimous.
 The fact that the determination of whether you recommend a sentence
of death or sentence of life imprisonment in this case can be reached by a
single ballot should not influence you to act hastily or without due
regard to the gravity of these proceedings. Before you ballot you should
carefully weigh, sift and consider the evidence, and all of it, realizing
that human life is at stake, and bring to bear your best judgment in
reaching your advisory sentence.
 If a majority of the jury determine that Mr. Doe should be sentenced
to death, your advisory sentence will be:
 "A majority of the jury, by a vote of _____, advise and
 recommend to the court that it impose the death penalty
 upon John Doe for the First Degree Murder of Bradley
 Jones."
*991 On the other hand, if by six or more votes the jury determines
that Mr. Doe should not be sentenced to death, your advisory sentence will
be:
 "The jury advises and recommends to the court that it
 impose a sentence of life imprisonment upon John Doe without
 possibility of parole for 25 years."
 You will now retire to consider your recommendation. When you have
reached an advisory sentence in conformity with these instructions, that
form of recommendation should be signed by your foreman and returned to
the court.
*992 EXHIBIT 2
 MANSLAUGHTER
 F.S. 782.07
 Before you can find the defendant
 guilty of manslaughter, the state must prove
 the following elements beyond a reasonable
 doubt.
Elements 1. (Victim) is dead.
Give 2(a), (b) or 2. The death was caused by the
(c) depending upon
allegations and (a) act of (defendant).
proof. (b) procurement of (defendant).
 (c) culpable negligence of (defendant).
 However, the defendant cannot be guilty
 of manslaughter if the killing was either
 justifiable or excusable homicide as I have
 previously explained those terms.
Note to Judge In the event of any reinstruction on
 manslaughter, the instructions on justifiable
 and excusable homicide on page 61 should be
 given at the same time. Hedges v. State,
 172 So.2d 824 (Fla. 1965).
Definitions
Give only if 2(b) To "procure" means to persuade, induce,
alleged and proved. prevail upon or cause a person to do something.
Give only if 2(c) I will now define "culpable negligence"
alleged and proved. for you. Each of us has a duty to act reasonably
 toward others. If there is a violation of that
 duty, without any conscious intention to harm,
 that violation is negligence. But culpable
 negligence is more than a failure to use ordinary
 care toward others. In order for negligence to
 be culpable, it must be gross and flagrant.
 Culpable negligence is a course of conduct showing
 reckless disregard of human life, or of the safety
 of persons exposed to its dangerous effects,
 or such an entire want of care as to raise a
 presumption of a conscious indifference to
 consequences, or which shows wantonness or
 recklessness, or a grossly careless disregard of
 the
*993 safety and welfare of the public, or such an
 indifference to the rights of others as is
 equivalent to an intentional violation of such
 rights.
 The negligent act or omission must have
 been committed with an utter disregard for
 the safety of others. Culpable negligence
 is consciously doing an act or following a
 course of conduct that the defendant must
 have known, or reasonably should have known,
 was likely to cause death or great bodily
 injury.
*994 EXHIBIT 2A
 2. Is done from ill will, hatred, spite or an evil intent,
and
 3. Is of such a nature that the act itself indicates an
indifference to human life.
 In order to convict of Second Degree Murder, it is not necessary
for the State to prove the defendant had a premeditated intent to cause
death.
 THIRD DEGREE MURDER
 Before you can find Mr. Doe guilty of Third Degree Murder of Bradley
Jones, the State must prove the following three elements beyond a
reasonable doubt:
 1. Bradley Jones is dead.
 2. The death occurred as a consequence of and while Mr. Doe was
engaged in the commission of grand theft.
 3. Mr. Doe was the person who actually killed Bradley Jones.
 The crime of grand theft is knowingly and unlawfully obtaining
the property of another having a value of $100 or more with intent to
deprive the other person of a right to the property or a benefit
therefrom.
 It is not necessary for the State to prove the killing was
perpetrated with a design to effect death.
 MANSLAUGHTER
 Before you can find Mr. Doe guilty of manslaughter of Bradley Jones,
the State must prove the following elements beyond a reasonable doubt:
 1. Bradley Jones is dead.
 2. The death was caused by the
 (a) act of Mr. Doe,
 (b) procurement of Mr. Doe,
 (c) culpable negligence of Mr. Doe.
 However, Mr. Doe cannot be guilty of manslaughter if the killing
was either justifiable or excusable homicide as I have previously
explained those terms.
 To "procure" means to persuade, induce, prevail upon or cause a
person to do something.
 I will now define "culpable negligence" for you. Each
*995 of us has a duty to act reasonably toward others. If there is a violation
of that duty, without any conscious intention to harm, that violation is
negligence. But culpable negligence is more than a failure to use ordinary
care toward others. In order for negligence to be culpable, it must
be gross and flagrant. Culpable negligence is a course of conduct showing
reckless disregard of human life, or of the safety of persons exposed to
its dangerous effects, or such an entire want of care as to raise a
presumption of a conscious indifference to consequences, or which shows
wantonness or recklessness, or a grossly careless disregard of the safety
and welfare of the public, or such an indifference to the rights of others
as is equivalent to an intentional violation of such rights.
 The negligent act or omission must have been committed with an utter
disregard for the safety of others. Culpable negligence is consciously
doing an act or following a course of conduct that the defendant must have
known, or reasonably should have known, was likely to cause death or great
bodily injury.
[2.03] MEANING OF DEFENDANT'S PLEA OF NOT GUILTY; REASONABLE
 DOUBT; AND BURDEN OF PROOF
 The defendant has entered a plea of not guilty. This means you must
presume or believe the defendant is innocent. The presumption stays with
the defendant as to each material allegation in the indictment through
each stage of the trial until it has been overcome by the evidence to the
exclusion of and beyond a reasonable doubt.
 To overcome the defendant's presumption of innocence the State has
the burden of proving the following two elements:
 1. The crime with which the defendant is charged was committed.
 2. The defendant is the person who committed the crime.
 The defendant is not required to prove anything.
 Whenever the words "reasonable doubt" are used you must consider
the following:
 A reasonable doubt is not a possible doubt, a speculative, imaginary
or forced doubt. Such a doubt must not influence you to return a verdict
of not guilty if you have an abiding conviction of guilt. On the other
hand, if, after carefully considering, comparing and weighing all the
evidence, there is not an abiding conviction of guilt, or, if, having a
conviction, it is one which is not stable but one which wavers and
vacillates, then the charge is not proved beyond every reasonable doubt
and you must find the defendant not guilty because the doubt is
reasonable.
*996 EXHIBIT 3
Definition I will now define "culpable negligence"
 for you. Each of us has a duty to act reasonably
 toward others. If there is a violation of
 that duty, without any conscious intention to
 harm, that violation is negligence. But culpable
 negligence is more than a failure to use ordinary
 care toward others. In order for negligence to
 be culpable, it must be gross and flagrant.
 Culpable negligence is a course of conduct showing
 reckless disregard of human life, or of the safety
 of persons exposed to its dangerous effects, or
 such an entire want of care as to raise a
 presumption of a conscious indifference to
 consequences, or which shows wantonness or
 recklessness, or a grossly careless disregard of the
 safety and welfare of the public, or such an
 indifference to the rights of others as is
 equivalent to an intentional violation of such
 rights.
*997 EXHIBIT 4
 KIDNAPPING
 F.S. 787.01
 Before you can find the defendant guilty of
 kidnapping, the state must prove the following
 three elements beyond a reasonable doubt:
Elements 1. (Defendant) [forcibly] [secretly]
 [by threat]
 [confined]
 [abducted]
 [imprisoned]
 (victim) against [his] [her] will.
 2. (Defendant) had no lawful authority.
 3. (Defendant) acted with intent to:
Give (a), (b), (a) hold for ransom or reward or as
(c) or (d) as a shield or hostage.
applicable (b) commit or facilitate commission
 of (applicable felony).
If (b) given, (c) inflict bodily harm upon or to
define applicable terrorize the victim or another
felony person.
 (d) interfere with the performance
 of any governmental or political
 function.
Give when 3(b) In order to be kidnapping the [confinement]
is alleged. [abduction] [imprisonment]
See Carron v.
State, 414 So.2d (a) must not be slight, inconsequential
288 (Fla. 2d or merely incidental to the felony;
DCA 1982), (b) must not be of the kind inherent
approved 427 in the nature of the felony; and
So.2d 192 (c) must have some significance independent
(Fla. 1982) of the felony in that it makes the
 felony substantially easier of commission
 or substantially lessens the risk of
 detection.
Read only if Confinement of a child under the age of
confinement thirteen (13) is against his will if such
is alleged confinement is without the consent of his
and child parent or legal guardian.
is under
thirteen
years of
age.
*998 FALSE IMPRISONMENT
 F.S. 787.02
 Before you can find the defendant guilty
 of false imprisonment, the state must prove the
 following three elements beyond a reasonable doubt:
Elements 1. (Defendant) [forcibly] [secretly]
 [by threat]
 [confined]
 [abducted]
 [imprisoned]
 [restrained]
 (victim) against [his] [her] will.
 2. (Defendant) had no lawful authority.
Give (a), (b), 3. (Defendant) acted for any purpose
(c) or (d) as other than to:
applicable
 (a) hold for ransom or reward or as
 a shield or hostage.
 (b) commit or facilitate commission
 of any felony.
 (c) inflict bodily harm upon or to
 terrorize the victim or another
 person.
 (d) interfere with the performance
 of any governmental or political
 function.
Read only if Confinement of a child under the age of
confinement thirteen (13) is against his will if such
is alleged confinement is without the consent of his
and child is parent or legal guardian.
under thirteen
years of age.
*999 EXHIBIT 5
 3.04(d) JUSTIFIABLE USE OF DEADLY FORCE
Note to Since there are many defenses applicable Judge
 to self-defense, give only those parts of the
 instructions that are required by the evidence.
Read in An issue in this case is whether the defendant
all cases acted in self defense. It is a defense to the
 offense with which (defendant) is charged if the
 [death of] [injury to] (victim) resulted from the
 justifiable use of force likely to cause death or
 great bodily harm.
Give if The use of force likely to cause death or
applicable great bodily harm is justifiable only if the
F.S. defendant reasonably believes that the force
782.02 is necessary to prevent imminent death or
 great bodily harm to himself while resisting:
Insert and 1. another's attempt to murder him, or
define applicable
felony 2. any attempt to commit (applicable felony)
defendant upon him, or
alleges victim
attempted to 3. any attempt to commit (applicable felony)
commit upon any dwelling house occupied by
 him, or
 4. any attempt to commit (applicable felony)
 in any dwelling house occupied by him.
Give if A person is justified in using force likely
applicable to cause death or great bodily harm if he reasonably
F.S. believes that such force is necessary to prevent
776.012, .031
 1. imminent death or great bodily harm
 to himself or another, or
Insert and 2. the imminent commission of (applicable
define applicable forcible felony) against himself or
forcible another.
felony defendant
alleges
victim was
about to
commit
*1000 Aggressor However, the use of force likely to cause
F.S. death or great bodily harm is not justifiable
776.041 if you find:
Give if 1. (Defendant) was attempting to commit,
applicable committing or escaping after the
 commission of (applicable forcible
 felony); or
Define applicable
forcible
felony 2. (Defendant) initially provoked the use
 of force against himself, unless:
 (a) The force asserted toward the
 defendant was so great that he
 reasonably believed that he was
 in imminent danger of death or
 great bodily harm and had exhausted
 every reasonable means
 to escape the danger, other than
 using force likely to cause
 death or great bodily harm to
 (assailant).
 (b) In good faith, the defendant withdrew
 from physical contact with
 (assailant) and indicated clearly
 to (assailant) that he wanted to
 withdraw and stop the use of
 force likely to cause death or
 great bodily harm, but (assailant)
 continued or resumed the use of force.
Force in resisting A person is not justified in using force
arrest to resist an arrest by a law enforcement officer
 who is known, or reasonably appears to be
F.S. 776.051(1) and a law enforcement officer.
F.S. 776.012
Give if applicable However, if an officer uses excessive force
 to make an arrest, then a person is justified
See Ivester v. State, in the use of reasonable force to defend himself
398 So.2d 926 (Fla. (or another), but only to the extent he
1st DCA 1981); Jackson reasonably believes such force is necessary.
v. State, 463 So.2d 372
(Fla. 5th DCA
1985).
In some instances, the
instructions applicable
to F.S. 776.012, 776.031
or 776.041 may need to
be given in connection
with this instruction.
*1001 Read in In deciding whether defendant was justified in
all cases the use of force likely to cause death or great
 bodily harm, you must judge him by the
 circumstances by which he was surrounded at the
 time the force was used. The danger facing the
 defendant need not have been actual; however, to
 justify the use of force likely to cause death or
 great bodily harm, the appearance of danger must
 have been so real that a reasonably cautious and
 prudent person under the same circumstances would
 have believed that the danger could be avoided only
 through the use of that force. Based upon
 appearances, the defendant must have actually
 believed that the danger was real.
Necessity to The defendant cannot justify the use of force
avoid use of likely to cause death or great bodily harm unless
deadly force he used every reasonable means within his power and
Read in all consistent with his own safety to avoid the danger
cases before resorting to that force.
Retreat The fact that the defendant was wrongfully
 attacked cannot justify his use of force likely to
Read in cause death or great bodily harm if by retreating he
all cases could have avoided the need to use that force.
 However, if the defendant was placed in a position
 of imminent danger of death or great bodily harm and
 it would have increased his own danger to retreat,
 then his use of force likely to cause death or great
 bodily harm was justifiable.
Defense If the defendant was attacked in his own home
of home or on his own premises, he had no duty to retreat
 and had the lawful right to stand his ground and
Give if meet force with force, even to the extent of using
applicable force likely to cause death or great bodily harm,
 if it was necessary to prevent:
 [death or great bodily harm to [himself]
 [another].]
Define [the commission of a forcible felony.]
felony
Prior If you find that the defendant who because of
threats threats or prior difficulties with (victim) had
 reasonable grounds to believe that he was in danger
Give if of death or great bodily harm at the hands of
applicable (victim), then the defendant had the right to arm
 himself. However, the defendant cannot justify the
 use of force likely to cause death or great bodily
 harm, if after arming himself he renewed his
 difficulty with (victim) when he could have avoided
 the difficulty.
*1002 Reputation If you find that (victim) had a reputation
of victim of being a violent and dangerous person and that
 his reputation was known to the defendant, you
Give if may consider this fact in determining whether the
applicable actions of the defendant were those of a reasonable
 person in dealing with an individual of that
 reputation.
Physical In considering the issue of self-defense, you
abilities may take into account the relative physical abilities
Read in and capacities of the defendant and (victim).
all cases
Read in If in your consideration of the issue of
all cases self-defense you have a reasonable doubt on the
 question of whether or not the defendant was
 justified in the use of force likely to cause
 death or great bodily harm, you should find the
 defendant not guilty.
 However, if from the evidence you are convinced
 that the defendant was not justified in the use of
 force likely to cause death or great bodily harm,
 you should find him guilty if all the elements of
 the charge have been proved.
*1003 3.04(e) JUSTIFIABLE USE OF NON-DEADLY FORCE
Note to Since there are many defenses applicable to
Judge self-defense, give only those parts of the
 instructions that are required by the evidence.
Read in An issue in this case is whether the defendant
all cases acted in self defense. It is a defense
 to the offense with which (defendant) is charged
 if the [injury to] (victim) resulted from the
 justifiable use of force not likely to cause
 death or great bodily harm.
In defense (Defendant) would be justified in using
of person force not likely to cause death or great bodily
F.S. harm against (victim) if the following two facts
776.012 are proved:
Give if 1. (Defendant) must have reasonably
applicable believed that such conduct was
 necessary to defend (himself),
 (another), against (victim's)
 imminent use of unlawful force
 against (the defendant) (other
 person).
 2. The use of unlawful force by (victim)
 must have appeared to (defendant)
 ready to take place.
In defense (Defendant) would be justified in using
of property force not likely to cause death or great bodily
F.S. harm against (victim) if the following three
776.031 facts are proved:
Give if 1. (Victim) must have been trespassing
applicable or otherwise wrongfully interfering
 with land or personal property.
 2. The land or personal property must
 have lawfully been in (defendant's)
 possession, or in the possession of
 a member of his immediate family or
 household, or in the possession of
 some person whose property he was
 under a legal duty to protect.
 3. (Defendant) must have reasonably believed
 that his use of force was
 necessary to prevent or terminate
 (victim's) wrongful behavior.
*1004 Aggressor The use of force not likely to cause death or
F.S. 776.041 great bodily harm is not justifiable if you find:
Give if applicable 1. (Defendant) was attempting to commit,
 committing or escaping after the commission
 of a (applicable forcible felony).
Define applicable
forcible felony 2. (Defendant) initially provoked the use of
 force against himself, unless:
 (a) The force asserted toward the defendant
 was so great that he reasonably believed
 that he was in imminent danger or death
 or great bodily harm and had exhausted
 every reasonable means to escape the
 danger, other than using force not
 likely to cause death or great bodily
 harm to (assailant).
 (b) In good faith, the defendant withdrew
 from physical contact with (assailant)
 and indicated clearly to (assailant)
 that he wanted to withdraw and stop
 the use of force not likely to cause
 death or great bodily harm, but (assailant
 continued or resumed the use of force.
Force in resisting A person is not justified in using force to
arrest resist an arrest by a law enforcement officer who
 is known, or reasonably appears to be a law
F.S. 776.051(1) and enforcement officer.
F.S. 776.012
Give if applicable However, if an officer uses excessive force to
 make an arrest, then a person is justified in the
See Ivester v. State, use of reasonable force to defend himself (or
398 So.2d 926 (Fla. another), but only to the extent he reasonably
1st DCA 1981); Jackson believes such force is necessary.
v. State, 463 So.2d 372
(Fla. 5th DCA
1985).
In some instances, the
instructions applicable
to F.S. 776.012, 776.031
or 776.041 may need to
be given in connection
with this instruction.
Read in all cases In deciding whether defendant was justified in
 the use of force not likely to cause death or great
 bodily harm, you must judge him by the circumstances
 by which he was surrounded at the time the force was
 used. The danger facing the defendant need not have
 been actual; however, to justify the use of force not
 likely to cause death or great bodily harm, the
 appearance of danger must have been so real that a
*1005 reasonably cautious and prudent person under the
 same circumstances would have believed that the
 danger could be avoided only through the use of
 that force. Based upon appearances, the defendant
 must have actually believed that the danger was
 real.
Necessity to The defendant cannot justify his use of force
avoid use of not likely to cause death or great bodily harm
deadly force unless he used every reasonable means within his
Read in all power and consistent with his own safety to avoid
cases the danger before resorting to that force.
Reputation If you find that (victim) had a reputation of
of victim being a violent and dangerous person and that his
 reputation was known to the defendant, you may
Give if consider this fact in determining whether the
applicable actions of the defendant were those of a reasonable
 person in dealing with an individual of that
 reputation.
Physical In considering the issue of self-defense, you
abilities may take into account the relative physical abilities
Read in all and capacities of the defendant and (victim).
cases
Read in all If in your consideration of the issue of
cases self-defense you have a reasonable doubt on the
 question of whether or not the defendant was
 justified in the use of force not likely to cause
 death or great bodily harm, you should find the
 defendant not guilty.
 However, if from the evidence you are convinced
 that the defendant was not justified in
 the use of force not likely to cause death or
 great bodily harm then you should find him
 guilty if all the elements of the charge have
 been proved.
*1006 3.04(f) JUSTIFIABLE USE OF FORCE BY LAW ENFORCEMENT OFFICER
In making A law enforcement officer, or any person he
an arrest has summoned or directed to assist him, need not
of a felon retreat from or stop efforts to make a lawful
F.S. 776.05 arrest because of resistance or threatened resistance
 to the arrest. The officer is justified in
Give if the use of any force that he reasonably believes
applicable necessary to defend himself or another from bodily
 harm while making the arrest. That force is also
 justified when necessarily used:
 1. in retaking a person who has been convicted
 of a felony and who has escaped.
 2. in arresting a person who has been convicted
 of a felony and who is fleeing
 from justice.
Force in Use of any force by a law enforcement officer
making unlawful or any person summoned or directed to assist the
arrest law enforcement officer is not justified if:
prohibited
F.S. 1. The arrest is unlawful.
776.051(2)
 2. It is known by the officer or the person
 assisting him to be unlawful.
Give if
applicable
In making an 1. In arresting a suspected felon a law
arrest of a enforcement officer can use force likely
suspected to cause death or great bodily harm if
felon
Tennessee v. (a) the law enforcement officer has
Garner (U.S. probable cause to believe that the
Sup. Ct. 1985), suspected felon poses a threat of
53 LW 4410 serious physical harm, either to
 the officer or to others.
Give 1(a), (b)
or (c) as (b) the suspected felon has threatened
applicable the law enforcement officer with a
 weapon.
Define felon (c) the law enforcement officer has
 probable cause to believe the suspected
 felon has committed a crime
 involving the infliction or threatened
 infliction of serious physical harm.
*1007 Read if If the law enforcement officer has
1(a)(b) or an opportunity to do so he must
(c) given give the suspected felon warning
 that he is about to use force
 likely to cause death or great
 bodily harm.
To prevent A law enforcement officer or other person
escape from who has an arrested person in his
custody F.S. custody is justified in the use of any
776.07(1) force that he reasonably believes to
Give if be necessary to prevent the escape of
applicable the arrested person from custody.
To prevent A guard or other law enforcement officer
escape from is justified in the use of any force
penal that he reasonably believes to be necessary
institution to prevent an escape from a penal
F.S. 776.07(2) institution of a person the officer
Give if reasonably believes is lawfully detained.
applicable
Give if "Deadly force" includes, but is not limited to:
applicable
F.S. 776.06(1) 1. Firing a firearm in the direction
 of the person to be arrested, even
 though no intent exists to kill or
 inflict great bodily harm; and
F.S. 776.06(2) 2. The firing of a firearm at a vehicle
 in which the person to be arrested is
 riding.
Definition A "firearm" is legally defined as (adapt
Give if from F.S. 790.001(6) as required by allegations).
applicable

NOTES
[*] We note that the Court has recently rendered numerous decisions concerning the appropriateness of multiple convictions for one criminal episode. These decisions may affect the schedule of lesser included offenses. We request the committee to review this schedule in light of these opinions.