# Supreme Court of Florida

_____

No. SC14-2343
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
INSTRUCTIONS 9.1 AND 9.2.**

[January 22, 2015]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions.[1]

We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending instruction 9.1 (Kidnapping) and 9.2

(False Imprisonment), in response to recent amendments to section 787.01(3)(a),

Florida Statutes (2014), and 787.02(3)(a), Florida Statutes (2014). See ch.

---

1. The Committee sought the amendments in Case No. SC14-364, In re:
Standard Jury Instructions in Criminal Cases – Report No. 2014-02, through a
"Motion for Rehearing." In an order dated December 4, 2014, the Court denied
that motion, instead treating the motion as a new report and setting up the instant
case, to be reviewed pursuant to the Court's fast-track procedures. In re: Standard
Jury Instructions in Criminal Cases – Report No. 2014-02, Case No. SC14-364
(Fla. Dec. 4, 2014) (order).

2014-160, §§ 19 and 20, Laws of Fla. The statutory changes add "Human Trafficking for Commercial Sexual Activity in which a Child under the Age of 18 or a Mentally Defective Person or a Mentally Incapacitated Person was Involved" to the list of enumerated crimes which enhance a Kidnapping or False Imprisonment charge under certain conditions.

After considering the Committee's proposals and reviewing the relevant legislation, we authorize the amendments as proposed by the Committee. Accordingly, instructions 9.1 and 9.2 are authorized for publication and use as reflected in the appendix to this opinion. New language is underscored and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. Because the amendments were not published for comment prior to their

authorization, interested persons shall have sixty days from the date of this opinion

in which to file comments with the Court.[2]

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida, and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

---

2. All comments must be filed with the Court on or before March 23, 2015, with a certificate of service verifying that a copy has been served on the Committee Chair, The Honorable Jerri L. Collins, c/o Bart Schneider, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, schneidb@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until April 13, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

for Petitioner

# APPENDIX

## 9.1 KIDNAPPING
§ 787.01, Fla._Stat.

**To prove the crime of Kidnapping, the State must prove the following three elements beyond a reasonable doubt:**

1.     (Defendant) **[forcibly] [secretly] [by threat]**

        **[confined]**
        **[abducted]**
        **[imprisoned]**

     (victim) **against [his] [her] will.**

2.     (Defendant) **had no lawful authority to do so.**

3.     (Defendant) **acted with intent to:**

*Give 3a, 3b, 3c, or 3d as applicable.*

*If 3b is given, define applicable felony.*
    a. **hold** (victim) **for ransom or reward or as a shield or hostage.**

    b. **commit or facilitate the commission of** (applicable felony)**.**

    c. **inflict bodily harm upon or to terrorize** (victim) **or another person.**

    d. **interfere with the performance of any governmental or political function.**

*Give when 3b is alleged. See Faison v. State, 426 So. 2d 963 (Fla. 1983).*
**In order to be kidnapping, the [confinement] [abduction] [imprisonment]**

    a. **must not be slight, inconsequential, or merely incidental to the** (applicable felony)**;**

**b.  must not be of the kind inherent in the nature of the** (applicable felony)**; and**

**c.  must have some significance independent of the** (applicable felony) **in that it makes the** (applicable felony) **substantially easier of commission or substantially lessens the risk of detection.**

*Definition. Give if applicable. Bishop v. State, 46 So. 3d 75 (Fla. 5th DCA 2010).*

**"Secretly" means the defendant intended to isolate or insulate the victim from meaningful contact or meaningful communication with the public.**

*Read only if confinement is alleged and victim is under 13 years of age.*

**Confinement of a child under the age of 13 is against the child's will if such confinement is without the consent of the child's parent or legal guardian.**

*If a violation of § 787.01(3), Fla. Stat. is charged, instruct as follows:*

**If you find the defendant guilty of Kidnapping, you must also determine whether the State has proved the following aggravating circumstances beyond a reasonable doubt:**

1.  **At the time of the Kidnapping,** (victim) **was under 13 years of age;**

    **and**

2.  **In the course of committing the Kidnapping,** (defendant) **committed [an Aggravated Child Abuse] [a Sexual Battery against** (victim)**] [a Lewd or Lascivious Battery] [a Lewd or Lascivious Molestation] [a Lewd or Lascivious Conduct] [a Lewd or Lascivious Exhibition] [a Procuring a Child for Prostitution upon** (victim)**] [a Forcing, Compelling, or Coercing Another to Become a Prostitute upon** (victim)**] [an Exploitation of a Child upon** (victim)**] [Human Trafficking for Commercial Sexual Activity in which [a Child under the Age of 18] [a Mentally Defective Person] [or] [a Mentally Incapacitated Person] was Involved].** *Define applicable felony unless included in other instructions.*

## Lesser Included Offenses

| KIDNAPPING — 787.01 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| False imprisonment | | 787.02 | 9.2 |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comments

The Kidnapping statute does not exempt a parent from criminal liability for kidnapping his or her own child. See *Davila v. State,* 75 So. 3d 192 (Fla. 2011).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 2014, and 20145.

## 9.2 FALSE IMPRISONMENT
§ 787.02, Fla._Stat.

**To prove the crime of False Imprisonment, the State must prove the following two elements beyond a reasonable doubt:**

1.    (Defendant) **[forcibly] [secretly] [by threat]**

> **[confined]**
> **[abducted]**
> **[imprisoned]**
> **[restrained]**

(victim) **against [his] [her] will.**

2.    (Defendant) **had no lawful authority to do so.**

*Definition. Give if applicable. Bishop v. State, 46 So. 3d 75 (Fla. 5th DCA 2010).*

**"Secretly"** means the defendant intended to isolate or insulate the victim from meaningful contact or meaningful communication with the public.

*Read only if confinement is alleged and victim is under 13 years of age.*
**Confinement of a child under the age of 13 is against the child's will if such confinement is without the consent of the child's parent or legal guardian.**

*If a violation of § 787.02(3), Fla. Stat. is charged, instruct as follows:*
**If you find the defendant guilty of False Imprisonment, you must also determine whether the State has proved the following aggravating circumstances beyond a reasonable doubt:**

1. **At the time of the False Imprisonment,** (victim) **was under 13 years of age;**

   **and**

2. **In the course of committing the False Imprisonment,** (defendant) **committed [an Aggravated Child Abuse] [a Sexual Battery against** (victim)**] [a Lewd or Lascivious Battery] [a Lewd or Lascivious Molestation] [a Lewd or Lascivious Conduct] [a Lewd or Lascivious Exhibition] [a Procuring a Child for Prostitution upon** (victim)**] [a Forcing, Compelling, or Coercing Another to Become a Prostitute upon** (victim)**] [an Exploitation of a Child upon** (victim)**] [Human Trafficking for Commercial Sexual Activity in which [a Child under the Age of 18] [a Mentally Defective Person] [or] [a Mentally Incapacitated Person] was Involved].** *Define applicable felony unless included in other instructions.*

**Lesser Included Offenses**

| FALSE IMPRISONMENT — 787.02 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

The *Faison* test for determining whether a particular confinement or movement during the commission of another crime constitutes kidnapping, does not apply to false imprisonment. *Sanders v. State,* 905 So. 2d 271 (Fla. 2d DCA 2005).

This instruction was adopted in 1981 and was amended in 1985 [477 So. 2d 985], 1998 [723 So. 2d 123], 2014, and 20145.