# Supreme Court of Florida

_____

No. SC14-2343
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
INSTRUCTIONS 9.1 AND 9.2.**

[June 18, 2015]

PER CURIAM.

Previously, upon the proposal of the Supreme Court Committee on Standard

Jury Instructions in Criminal Cases (Committee), the Court authorized for

publication and use amendments to instructions 9.1 (Kidnapping) and 9.2 (False

Imprisonment) in response to recent amendments to section 787.01(3)(a), Florida

Statutes (2014), and section 787.02(3)(a), Florida Statutes (2014).  In re: Std. Jury

Instrs. in Crim. Cases—Instructions 9.1 & 9.2, 156 So. 3d 495 (Fla. 2015).

Because the instructions as amended had not been subject to public comment, the

Court provided for a comment period.  Id. at 496.  Following our authorization for

publication and use of instructions 9.1 and 9.2, one comment was received, to

which the Committee filed a response.  After considering the comment and

response, we further amend instructions 9.1 and 9.2 as discussed below.[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.

Consistent with the Committee's recommendation in its response to the comment, the definition for "secretly" in instructions 9.1 and 9.2 is amended to include the victim's name, i.e., "(victim)," rather than referring to "the victim." Instructions 9.1 and 9.2 are authorized for publication and use as reflected in the appendix to this opinion. New language is underscored and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

---

1. Minor, technical changes to the instructions are not elaborated upon.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Heatha Love Trigones, Assistant State Attorney, Seventh Judicial Circuit, Daytona Beach, Florida,

Responding with Comments

# APPENDIX

## 9.1 KIDNAPPING
§ 787.01, Fla. Stat.

**To prove the crime of Kidnapping, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **[forcibly] [secretly] [by threat]**

   **[confined]**
   **[abducted]**
   **[imprisoned]**

   (victim) **against [his] [her] will.**

2. (Defendant) **had no lawful authority to do so.**

3. (Defendant) **acted with intent to:**

*Give 3a, 3b, 3c, or 3d as applicable.*

*If 3b is given, define applicable felony.*
   a. **hold** (victim) **for ransom or reward or as a shield or hostage.**

   b. **commit or facilitate the commission of** (applicable felony)**.**

   c. **inflict bodily harm upon or to terrorize** (victim) **or another person.**

   d. **interfere with the performance of any governmental or political function.**

*Give when 3b is alleged. See Faison v. State, 426 So. 2d 963 (Fla. 1983).*
**In order to be kidnapping, the [confinement] [abduction] [imprisonment]**

   a. **must not be slight, inconsequential, or merely incidental to the** (applicable felony)**;**

   b. **must not be of the kind inherent in the nature of the** (applicable felony)**; and**

- 4 -

  **c.**   **must have some significance independent of the** (applicable felony) **in that it makes the** (applicable felony) **substantially easier of commission or substantially lessens the risk of detection.**

*Definition. Give if applicable. Bishop v. State, 46 So. 3d 75 (Fla. 5ᵗʰ5th DCA 2010).*

  **"Secretly" means the defendant intended to isolate or insulate** ~~the victim~~(victim) **from meaningful contact or meaningful communication with the public.**

*Read only if confinement is alleged and victim is under 13 years of age.*

  **Confinement of a child under the age of 13 is against the child's will if such confinement is without the consent of the child's parent or legal guardian.**

*If a violation of § 787.01(3), Fla. Stat., is charged, instruct as follows:*

  **If you find the defendant guilty of Kidnapping, you must also determine whether the State has proved the following aggravating circumstances beyond a reasonable doubt:**

  **1.**   **At the time of the Kidnapping,** (victim) **was under 13 years of age;**

    **and**

  **2.**   **In the course of committing the Kidnapping,** (defendant) **committed [an Aggravated Child Abuse] [a Sexual Battery against** (victim)**] [a Lewd or Lascivious Battery] [a Lewd or Lascivious Molestation] [a Lewd or Lascivious Conduct] [a Lewd or Lascivious Exhibition] [a Procuring a Child for Prostitution upon** (victim)**] [a Forcing, Compelling, or Coercing Another to Become a Prostitute upon** (victim)**] [an Exploitation of a Child upon** (victim)**] [Human Trafficking for Commercial Sexual Activity in which [a Child under the Age of 18] [a Mentally Defective Person] [or] [a Mentally Incapacitated Person] was Involved].** *Define applicable felony unless included in other instructions.*

**Lesser Included Offenses**

| KIDNAPPING — 787.01 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| False imprisonment | | 787.02 | 9.2 |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

The Kidnapping statute does not exempt a parent from criminal liability for kidnapping his or her own child. See *Davila v. State,* 75 So. 3d 192 (Fla. 2011).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 2014 [152 So. 3d 475], and 2015.

**9.2 FALSE IMPRISONMENT**
§ 787.02, Fla. Stat.

**To prove the crime of False Imprisonment, the State must prove the following two elements beyond a reasonable doubt:**

1.　(Defendant) **[forcibly] [secretly] [by threat]**

**[confined]**
**[abducted]**
**[imprisoned]**
**[restrained]**

(victim) **against [his] [her] will.**

2.　(Defendant) **had no lawful authority to do so.**

*Definition. Give if applicable. Bishop v. State, 46 So. 3d 75 (Fla. 5ᵗʰ5th DCA 2010).*

**"Secretly" means the defendant intended to isolate or insulate ~~the victim~~(victim) from meaningful contact or meaningful communication with the public.**

*Read only if confinement is alleged and victim is under 13 years of age.*

**Confinement of a child under the age of 13 is against the child's will if such confinement is without the consent of the child's parent or legal guardian.**

*If a violation of § 787.02(3), Fla. Stat., is charged, instruct as follows:*

**If you find the defendant guilty of False Imprisonment, you must also determine whether the State has proved the following aggravating circumstances beyond a reasonable doubt:**

1. **At the time of the False Imprisonment,** (victim) **was under 13 years of age;**

   **and**

2. **In the course of committing the False Imprisonment,** (defendant) **committed [an Aggravated Child Abuse] [a Sexual Battery against** (victim)**] [a Lewd or Lascivious Battery] [a Lewd or Lascivious Molestation] [a Lewd or Lascivious Conduct] [a Lewd or Lascivious Exhibition] [a Procuring a Child for Prostitution upon** (victim)**] [a Forcing, Compelling, or Coercing Another to Become a Prostitute upon** (victim)**] [an Exploitation of a Child upon** (victim)**] [Human Trafficking for Commercial Sexual Activity in which [a Child under the Age of 18] [a Mentally Defective Person] [or] [a Mentally Incapacitated Person] was Involved].** *Define applicable felony unless included in other instructions.*

**Lesser Included Offenses**

| FALSE IMPRISONMENT — 787.02 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

The *Faison* test for determining whether a particular confinement or movement during the commission of another crime constitutes kidnapping, does not apply to false imprisonment. *Sanders v. State,* 905 So. 2d 271 (Fla. 2d DCA 2005).

This instruction was adopted in 1981 and was amended in 1985 [477 So. 2d 985], 1998 [723 So. 2d 123], 2014 [152 So. 3d 475], and 2015.