# Supreme Court of Florida

_____

No. SC14-364

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2014-02.**

[September 11, 2014]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposes amendments to the following existing standard

criminal jury instructions:  Instruction 9.1 (Kidnapping); Instruction 9.2 (False

Imprisonment); Instruction 16.1 (Aggravated Child Abuse); and Instruction 16.3

(Child Abuse).  The Committee also proposes the following new jury instruction:

Instruction 16.2 (Failure to Provide Financial Support).  Finally, the Committee

proposes amendments to the Florida Grand Jury Handbook and the Florida Grand

Jury Instructions.  The Committee's proposals were published in The Florida Bar

News, and three comments were received by the Committee, pertaining to the proposals to instructions 9.1, 9.2, and 16.2. The Committee did not alter its proposals based on the comments. The Court did not publish the proposals after they were filed.

Having considered the Committee's report and the comments submitted to the Committee, we amend the standard jury instructions, the Florida Grand Jury Handbook, and the Florida Grand Jury Instructions as proposed by the Committee and authorize them for publication and use.

Some of the more significant changes to the standard jury instructions are as follows. With respect to instructions 9.1 and 9.2, amongst other changes, the instructions are amended to include the enhancement in sections 787.01(3)(a) and 787.02(3)(a), Florida Statutes (2013), respectively, which enhances the offense of kidnapping or false imprisonment from a first-degree felony punishable by life to a life felony if the victim was less than thirteen years of age and the defendant committed an enumerated offense in the course of committing the kidnapping or false imprisonment, as applicable. With respect to instructions 16.1 and 16.3, amongst other changes, the instructions are amended to reflect that a person acting in loco parentis is entitled to claim the affirmative defense. Instruction 16.2 is new, and pertains to failure to provide financial support under section 827.06, Florida Statutes (2013). The instruction tracks the statutory language. Finally, in

addition to minor technical changes, the Florida Grand Jury Handbook and the

Florida Grand Jury Instructions are amended to remove references to "terms of

court" because the concept is no longer used in Florida.

The new and amended criminal jury instructions, and the amendments to the

Florida Grand Jury Handbook and the Florida Grand Jury Instructions, as set forth

in the appendix to this opinion, are hereby authorized for publication and use.[1]

New language is indicated by underlining and deleted language is indicated by

struck-through type. In authorizing the publication and use of these instructions,

we express no opinion on their correctness and remind all interested parties that

this authorization forecloses neither requesting additional or alternative

instructions nor contesting the legal correctness of the instructions. We further

caution all interested parties that any comments associated with the instructions

reflect only the opinion of the Committee and are not necessarily indicative of the

views of this Court as to their correctness or applicability. The instructions and

handbook as set forth in the appendix shall be effective when this opinion becomes

final.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida, and Judge Joseph Anthony Bulone, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Clearwater, Florida, and Bart Schneider, Senior Attorney, Office of the States Court Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 9.1 KIDNAPPING
§ 787.01, Fla._Stat.

**To prove the crime of Kidnapping, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Defendant) **[forcibly] [secretly] [by threat]**

> **[confined]**
> **[abducted]**
> **[imprisoned]**

(victim) **against [his] [her] will.**

**2.** (Defendant) **had no lawful authority <u>to do so</u>.**

**3.** (Defendant) **acted with intent to:**

*Give 3a, 3b, 3c, or 3d as applicable.*

*If 3b is given, define applicable felony.*
   a. **hold** <u>(victim)</u> **for ransom or reward or as a shield or hostage.**

   b. **commit or facilitate <u>the </u>commission of** (applicable felony)**.**

   c. **inflict bodily harm upon or to terrorize** ~~**the victim**~~ (victim) **or another person.**

   d. **interfere with the performance of any governmental or political function.**

*Give when 3b is alleged. See ~~Carron v. State, 414 So.2d 288 (Fla. 2d DCA), approved, 427 So.2d 192 (Fla. 1982)~~ <u>Faison v. State, 426 So. 2d 963 (Fla. 1983).</u>*
**In order to be kidnapping, the [confinement] [abduction] [imprisonment]**

   a. **must not be slight, inconsequential, or merely incidental to the** ~~**felony**~~ (applicable felony)**;**

**b. must not be of the kind inherent in the nature of the** ~~felony~~ (applicable felony)**; and**

**c. must have some significance independent of the** ~~felony~~ (applicable felony) **in that it makes the** ~~felony~~ (applicable felony) **substantially easier of commission or substantially lessens the risk of detection.**

*Definition. Give if applicable. Bishop v. State, 46 So. 3d 75 (Fla. 5th DCA 2010).*
**"Secretly" means the defendant intended to isolate or insulate the victim from meaningful contact or meaningful communication with the public.**

*Read only if confinement is alleged and ~~child~~ victim is under 13 years of age.*
**Confinement of a child under the age of 13 is against** [his] [her] **the child's will if such confinement is without the consent of** [his] [her] **the child's parent or legal guardian.**

*If a violation of § 787.01(3), Fla. Stat. is charged, instruct as follows:*
**If you find the defendant guilty of Kidnapping, you must also determine whether the State has proved the following aggravating circumstances beyond a reasonable doubt:**

**1.     At the time of the Kidnapping,** (victim) **was under 13 years of age;**

**and**

**2.     In the course of committing the Kidnapping,** (defendant) **committed [an Aggravated Child Abuse] [a Sexual Battery against** (victim)**] [a Lewd or Lascivious Battery] [a Lewd or Lascivious Molestation] [a Lewd or Lascivious Conduct] [a Lewd or Lascivious Exhibition] [a Procuring a Child for Prostitution upon** (victim)**] [a Forcing, Compelling, or Coercing Another to Become a Prostitute upon** (victim)**] [an Exploitation of a Child upon** (victim)**].** *Define applicable felony unless included in other instructions.*

**Lesser Included Offenses**

| KIDNAPPING — 787.01 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| False imprisonment | | 787.02 | 9.2 |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

The Kidnapping statute does not exempt a parent from criminal liability for kidnapping his or her own child. See *Davila v. State,* 75 So. 3d 192 (Fla. 2011).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985] and 2014.

**9.2 FALSE IMPRISONMENT**
§ 787.02, Fla. Stat.

**To prove the crime of False Imprisonment, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **[forcibly] [secretly] [by threat]**

> **[confined]**
> **[abducted]**
> **[imprisoned]**
> **[restrained]**

(victim) **against [his] [her] will.**

**2.** (Defendant) **had no lawful authority to do so.**

*Definition. Give if applicable. Bishop v. State, 46 So. 3d 75 (Fla. 5th DCA 2010).*

**"Secretly"** means the defendant intended to isolate or insulate the victim from meaningful contact or meaningful communication with the public.

*Read only if confinement is alleged and ~~child~~ <u>victim</u> is under 13 years of age.*

**Confinement of a child under the age of 13 is against ~~[his] [her]~~ the child's will if such confinement is without the consent of ~~[his] [her]~~ the child's parent or legal guardian.**

*If a violation of § 787.02(3), Fla. Stat. is charged, instruct as follows:*
**If you find the defendant guilty of False Imprisonment, you must also determine whether the State has proved the following aggravating circumstances beyond a reasonable doubt:**

1. **At the time of the False Imprisonment,** (victim) **was under 13 years of age;**

   **and**

2. **In the course of committing the False Imprisonment,** (defendant) **committed [an Aggravated Child Abuse] [a Sexual Battery against** (victim)**] [a Lewd or Lascivious Battery] [a Lewd or Lascivious Molestation] [a Lewd or Lascivious Conduct] [a Lewd or Lascivious Exhibition] [a Procuring a Child for Prostitution upon** (victim)**] [a Forcing, Compelling, or Coercing Another to Become a Prostitute upon** (victim)**] [an Exploitation of a Child upon** (victim)**].** *Define applicable felony unless included in other instructions.*

**Lesser Included Offenses**

| FALSE IMPRISONMENT — 787.02 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

The *Faison* test for determining whether a particular confinement or movement during the commission of another crime constitutes kidnapping, does not apply to false imprisonment. *Sanders v. State,* 905 So. 2d 271 (Fla. 2d DCA 2005).

This instruction was adopted in 1981 and was amended in 1985 [477 So. 2d 985], and 1998 [723 So. 2d 123], and 2014.

## 16.1 AGGRAVATED CHILD ABUSE
§ 827.03(2)(a), Fla._Stat.

**To prove the crime of Aggravated Child Abuse, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant)

*Give as applicable.*
**a. committed aggravated battery upon** (victim)**.**

**b. willfully tortured** (victim)**.**

**c. maliciously punished** (victim)**.**

**d. willfully and unlawfully caged** (victim)**.**

**e. knowingly or willfully committed child abuse upon** (victim) **and in so doing caused great bodily harm, permanent disability, or permanent disfigurement to** (victim)**.**

**2.** (Victim) **was under the age of 18 years.**

*Give if element 1a is alleged.*
**In order to prove that an aggravated battery was committed, the State must prove the following:**

**1.** (Defendant) **intentionally**

*Give as applicable.*

    **a. touched or struck** (victim) **against the will of** (victim)**.**

    **b. caused bodily harm to** (victim)**.**

*Give as applicable.*
**2. a. In so doing,** (defendant) **intentionally or knowingly caused [great bodily harm] [permanent disability] [permanent disfigurement] [or] [used a deadly weapon].**

    **b. At the time,** (victim) **was pregnant and** (defendant) **knew or should have known** (victim) **was pregnant.**

*Give if applicable.*
**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Give if element 1b, 1d, or 1e is alleged.*
**"Willfully" means knowingly, intentionally, and purposely.**

*Give if element 1c is alleged. Fla. Stat. § 827.03(c).*
**"Maliciously" means wrongfully, intentionally, and without legal justification or excuse. Maliciousness may be established by circumstances from which one could conclude that a reasonable parent would not have engaged in the damaging acts toward the child for any valid reason and that the primary purpose of the acts was to cause the victim unjustifiable pain or injury.**

*Give if element 1e is alleged. Fla. Stat. § 827.03(1)(b).*
**"Child Abuse" means [the intentional infliction of physical or mental injury upon a child] [an intentional act that could reasonably be expected to result in physical or mental injury to a child] [active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child].**

*Give if applicable. Fla. Stat. § 827.03(1)(d)*
**"Mental injury" means injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in the ability of the child to function within the normal range of performance and behavior as supported by expert testimony.**

*Parental affirmative defense. Give if applicable. See Raford v. State, 828 So. 2d 1012 (Fla. 2002). See § 39.01(49), Florida Statutes, if the defendant's status as a parent is at issue.*

*§ 827.03 Fla. Stat. and case law are silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence. The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinions in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

**It is not a crime for [a parent] [a person who is acting** ~~as the lawful guardian~~ **in place of a parent] of a child to impose reasonable physical discipline on a child for misbehavior under the circumstances even though physical injury resulted from the discipline.**

*If burden of persuasion is on the defendant:*
**If you find that the defendant proved** *(insert appropriate burden of persuasion)* **that [he] [she] was [a parent] [a person acting in place of a parent] of** (victim) **and that [he] [she] imposed reasonable physical discipline on** (victim) **for misbehavior under the circumstances, you should find [him] [her] not guilty.**

**If the defendant did not prove** *(insert appropriate burden of persuasion)* **that [he] [she] was [a parent] [a person acting in place of a parent] of** (victim) **or if the defendant did not prove that [he] [she] imposed reasonable physical discipline on** (victim) **for misbehavior under the circumstances, you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.**

*If burden of persuasion is on the State:*
**If you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant was not [a parent] [a person acting in place of a parent] of** (victim) **or if you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant's physical discipline on** (victim) **was not reasonable for misbehavior under the circumstances, you should find [him]**

**[her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt.**

### Lesser Included Offenses

| AGGRAVATED CHILD ABUSE — 827.03(2)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Aggravated Battery; if element 1a is charged | | 784.045 | 8.4, 8.4(a) |
| Felony Battery; if element 1a is charged | | 784.041 | 8.5 |
| Battery; if element 1a is charged and only under certain circumstances. See *Kama v. State*, 507 So. 2d 154 (Fla. 2d DCA 1987) | | 784.03 | 8.3 |
| Child Abuse; if element 1e is charged | | 827.03(2)(c) | 16.3 |
| | Attempt | 777.04(1) | 5.1 |

### Comment

This instruction was adopted in 1981 and amended in 2002 [824 So. 2d 881], 2005 [911 So. 2d 766], ~~and~~ 2013 [122 So. 3d 263] and 2014.

### 16.2 FAILURE TO PROVIDE FINANCIAL SUPPORT
§ 827.06, Fla. Stat.

**To prove the crime of Failure to Provide Financial Support, the State must prove the following five elements beyond a reasonable doubt:**

**1.** (Defendant) **willfully failed to provide financial support for** (victim)**.**

**2.** **At the time,** (victim) **was the [child] [spouse] of** (defendant)**.**

**3.** **At the time,** (defendant) **was legally obligated to provide financial support for** (victim)**.**

**4.** At the time, (defendant) **knew [he] [she] was legally obligated to provide financial support for** (victim)**.**

**5.** At the time, (defendant) **had the ability to provide financial support for** (victim)**.**

*§ 827.06(3), Fla. Stat. $5000 or more. Give if applicable.*
**If you find** (defendant) **guilty of Failure to Provide Financial Support, you must further determine if the State proved beyond a reasonable doubt whether the defendant owed, for more than one year, financial support to** (victim) **in an amount equal to or greater than $5,000.**

*§ 827.06(5)(a), Fla. Stat. Give if applicable.*
**Evidence that the defendant willfully failed to make sufficient good faith efforts to legally acquire the resources to pay legally ordered support may be sufficient to prove that [he] [she]had the ability to provide financial support but willfully failed to do so.**

*§ 827.06(5)(b), Fla. Stat., § 88.1011(22), Fla. Stat. Give if applicable.*
**You may conclude that** (defendant) **knew [he ] [she] was legally obligated to provide financial support for** (victim) **if you find that a court or tribunal entered an order that obligated the defendant to provide financial support to** (victim)**. "Tribunal" means a court, administrative agency, or quasi-judicial entity authorized to establish, enforce, or modify support orders or to determine parentage of a child.**

*Definition.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1ˢᵗ DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

**Lesser Included Offenses**

| FAILURE TO PROVIDE FINANCIAL SUPPORT ($5000 or more) — 827.06(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Failure to Provide Financial Support | | 827.06(2) | 16.2 |

- 13 -

| FAILURE TO PROVIDE FINANCIAL SUPPORT (4th or subsequent offense) — 827.06(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Failure to Provide Financial Support | | 827.06(2) | 16.2 |

**Comments**

It is error to inform the jury of prior convictions for Failure to Provide Financial Support. Therefore, if the information or indictment contains an allegation of three or more prior Failure to Provide Financial Support convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Failure to Provide Financial Support, the historical fact of previous Failure to Provide Financial Support convictions shall be determined beyond a reasonable doubt in a bifurcated proceeding. *State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 2014.

**16.3 CHILD ABUSE**
§ 827.03(2)(c), Fla. Stat.

**To prove the crime of Child Abuse, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **knowingly or willfully:**

*Give as applicable.*
   a. **intentionally inflicted [physical] [or] [mental] injury upon** (victim)**.**

   b. **committed an intentional act that could reasonably be expected to result in [physical] [or] [mental] injury to** (victim)**.**

   c. **actively encouraged another person to commit an act that resulted in or could reasonably have been expected to result in [physical] [or] [mental] injury to** (victim)**.**

**2.** (Victim) **was under the age of 18 years.**

- 14 -

*Parental affirmative defense. Give if applicable. See Raford v. State, 828 So. 2d 1012 (Fla. 2002). See § 39.01(49), Florida Statutes, if the defendant's status as a parent is at issue.*

*§ 827.03 Fla. Stat. and case law are silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

**It is not a crime for [a parent] [a person** ~~who has legal custody~~ **who is acting in place of a parent] of a child to impose reasonable physical discipline on a child for misbehavior under the circumstances even though physical injury resulted from the discipline.**

*If burden of persuasion is on the defendant:*
**If you find that defendant proved** *(insert appropriate burden of persuasion)* **that [he] [she] was [a parent] [a person acting in place of a parent] of** (victim) **and that [he] [she] imposed reasonable physical discipline on** (victim) **for misbehavior under the circumstances, you should find [him] [her] not guilty.**

**If the defendant did not prove** *(insert appropriate burden of persuasion)* **that [he] [she] was [a parent] [a person acting in place of a parent] of** (victim) **or if you find that the defendant did not prove** *(insert appropriate burden of persuasion)* **that [he] [she] imposed reasonable physical discipline on** (victim) **for misbehavior under the circumstances, you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.**

*If burden of persuasion is on the State:*
**If you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant was not [a parent] [a person acting in place of a parent] of** (victim) **or if you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant's physical discipline on** (victim) **was not reasonable for misbehavior under the circumstances, you should find [him]**

**[her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt.**

*Definitions, give as applicable.*
*§ 827.03(1)(d), Florida Statutes.*
**"Mental injury" means an injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in the ability to function within the normal range of performance and behavior as supported by expert testimony.**

*Note to Judge. See § 39.01(49), Florida Statutes, if the defendant's status as a parent is at issue.*

*§ 39.01(35), Florida Statutes. (Give only when the guardian is not a parent).*
**"Legal custody" means a legal status created by a court which vests in a custodian of the person or guardian, whether an agency or an individual, the right to have physical custody of the child and the right and duty to protect, nurture, guide, and discipline the child and to provide [him] [her] with food, shelter, education, and ordinary medical, dental, psychiatric, and psychological care.**

## Lesser Included Offenses

| CHILD ABUSE — 827.03(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Contributing to the dependency of a minor | 827.04(1) | 16.4 |
| | Battery; only under certain circumstances. See *Kama v. State*, 507 So. 2d 154 (Fla. 1st DCA 1987) | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

See *Raford v. State*, 828 So. 2d 1012 (Fla. 2002), and *Dufresne v. State*, 826 So. 2d 272 (Fla. 2002), for authority to incorporate definitions from Chapter 39, Florida Statutes.

This instruction was adopted in 1981 and amended in 1985, 1989, 2002 [824 So. 2d 881], 2011 [75 So. 3d 207], ~~and~~ 2013 [122 So. 3d 263], and 2014.

# FLORIDA GRAND JURY HANDBOOK

**The Supreme Court Committee
On Standard Jury Instructions
In Criminal Cases**

# TABLE OF CONTENTS

INTRODUCTION

WHAT IS A GRAND JURY?

TERM OF THE GRAND JURY

WHO ARE GRAND JURORS?

DISQUALIFICATION TO SERVE AS A GRAND OR PETIT JUROR

FREQUENTLY USED WORDS AND PHRASES

GRAND JURY AND PETIT JURY DISTINGUISHED

HISTORY OF THE GRAND JURY

THE GRAND JURY AS AN ACCUSING AND INVESTIGATIVE BODY

OFFICERS OF THE GRAND JURY

PROCEDURES

PROCEEDINGS OF THE GRAND JURY

DETERMINATION WHETHER TO RETURN AN INDICTMENT OR
A NO TRUE BILL

THE STATE ATTORNEY (OR THE STATEWIDE PROSECUTOR)
AS LEGAL ADVISOR TO THE GRAND JURY

SECRECY OF GRAND JURY PROCEEDINGS

PROTECTION AND IMMUNITY OF GRAND JURORS

ON BEING A GRAND JUROR — SOME PRACTICAL SUGGESTIONS

CONCLUSION

# INTRODUCTION

"Jury service is one of the highest duties of citizenship, for by it the
citizen participates in the administration of justice.."

Harlan Fisk Stone
Chief Justice
United States Supreme Court

You are one of those citizens who have been selected to perform this "highest duty of citizenship."

In time of peace there is no higher duty a citizen can perform than that of jury service; however, few citizens when called to serve have any understanding of the principles that control the actions of the grand juror.

This handbook is intended only to give the juror a better understanding of the general nature of his or her functions, together with some suggestions as how best to carry them out. The court itself will be the final authority in its instructions to the grand jury. This handbook is not intended in any manner whatever as a substitute for the instructions given by the presiding judge.

## WHAT IS A GRAND JURY?

A grand jury is an investigating, reporting, and accusing agency of the circuit court (or of the Florida Supreme Court in the case of the statewide grand jury). It consists of citizens of a specified number who have been summoned and empaneled by a judge of the circuit court (or by a judge appointed by the Florida Supreme Court, in the case of the statewide grand jury). The grand jury is an agency and an arm of the circuit court (or the Florida Supreme Court in the case of the statewide grand jury) and is uniquely independent.

The grand jury is answerable to no person or agency of government except the court that empanels it and, even then, only to the extent that it may exceed its authority and privileges.

## TERM OF THE GRAND JURY

At least two terms of court are held each year and once the grand jury is empaneled, it will serve for the balance of the term of court. In exceptional cases,

- 20 -

its term may be extended. (The statewide grand jury's term is for a period of 12 months, but may be extended for up to 18 months.) The chief judge of each circuit court orders the convening of the grand jury for a term of 6 months. Upon petition of the state attorney or the foreperson of the grand jury acting on behalf of a majority of the grand jurors, the circuit court may extend the term of a grand jury beyond the term in which it was originally impaneled. A grand jury whose term has been extended has the same composition and the same powers and duties it had during its original term. If the term of the grand jury is extended, it shall be extended for a time certain, not to exceed a total of 90 days, and only for the purpose of concluding one or more specified investigative matters initiated during its original term. The grand jury will not be in continuous session but will be called in from time to time as necessary.

## WHO ARE GRAND JURORS?

Grand jurors are United States citizens and legal residents of this state and their respective counties who are at least 18 years of age and who possess a driver's license or identification card issued by the Department of Highway Safety and Motor Vehicles, or who execute an affidavit indicating a desire to serve as a juror.

All jurors are selected at random and their names are taken from lists prepared by the clerk of the circuit court.

The process of selecting jurors is done in most counties by the county commissioners and in some counties by a specially constituted jury commission. The process of selecting the statewide grand jury is handled by the State Courts Administrator for the Florida Supreme Court.

When making up the jury list, the officers compiling it are required to select only citizens they believe to be law-abiding, and of proven integrity, good character, sound judgment and intelligence, and who are not mentally infirm.

## DISQUALIFICATION TO SERVE AS A
## GRAND OR PETIT JUROR

Any person who has been convicted of a felony or bribery, forgery, perjury, or larceny is disqualified to sit as a juror, unless his or her civil rights have been restored.

A person under prosecution for any crime is disqualified.

Most government officials are disqualified to serve on a jury. An elected public official is not eligible to be a grand juror.

# FREQUENTLY USED WORDS AND PHRASES

Throughout this handbook and during your term as a grand juror certain terms will occur frequently. Some of these are:

Capital Crime. A capital crime is any crime for which the maximum punishment is death.

Circuit Court. The State of Florida is divided into 20 judicial "circuits." Each circuit covers one or more counties. The circuit court is the highest trial court in the circuit.

Defendant. A "defendant" is a person who has been accused of a crime and is defending himself or herself in a court against the criminal charge. The words "defendant" and "accused" are used interchangeably.

Felony. A "felony" is any crime which is punishable by imprisonment in a state penitentiary for a term in excess of one year. A "misdemeanor" is any crime which is punishable by imprisonment in a county correctional facility for a term of not more than one year.

Indictment; True Bill. A "true bill" is a charge brought by the grand jury accusing a person of a crime. A true bill, when it is filed in court, then becomes an "indictment."

Judge. The judge presiding over the trial is often called or referred to as "the court."

No True Bill. A "no true bill" is a finding by the grand jury that on a given charge no indictment should be filed.

Presentment. A "presentment" is a presentation to the court of a grand jury's report of its actions and recommendations.

State Attorney. Each circuit in the State of Florida has a "state attorney" who, together with assistants, prosecutes all crimes and offenses in the circuit and county courts in the circuit. Some other states refer to this officer as a "district attorney" or "prosecuting attorney."

Statewide Prosecutor. The statewide prosecutor is appointed by the Attorney General of the State of Florida to investigate and prosecute certain multi-circuit criminal activity.

# GRAND JURY AND PETIT JURY DISTINGUISHED

There are two kind of juries: grand juries and petit juries.

The grand jury consists of not fewer than 15 nor more than 21 (or 18 for statewide grand jury) members. A petit jury, depending upon the type of trial, consists of either 6 or 12 members.

The grand jury and the petit jury have entirely different purposes and functions. A petit jury actually tries a case and renders a verdict of guilty or not guilty after hearing both sides. A grand jury does not try a case on the issue of guilt or innocence. The grand jury rarely hears both sides. Its function is simply to hear witnesses as to a charge of crime, by the State, and to determine whether the person, or persons, so charged should be brought to trial. The grand jury has been called both a sword and shield of justice — a sword because it is a terror to criminals, a shield because it is protection of the innocent against unjust prosecution.

The tremendous power of the grand jury obviously creates grave and solemn responsibilities to see that these powers are not perverted or abused. A grand jury, being possessed with these tremendous powers and unless motivated by the highest sense of justice, might find indictments not warranted by the evidence and thus become a source of oppression to the citizenry.

Conversely, a misguided grand jury might dismiss charges against those who should be prosecuted. The importance of the grand jury's power is emphasized by the fact that it is one of the most independent bodies known to the law.

## HISTORY OF THE GRAND JURY

The grand jury originated more than seven centuries ago in England. It was recognized in the Magna Charta granted by King John of England upon the demand of the people in 1215 A.D. Its present form evolved in the period 1327 to 1377. Its origins can be traced back even further. As early as 997 A.D., a Danish king, "Ethelred the Unready," charged an investigative body of his reign that it should go about its duty by accusing no innocent person, and sheltering no guilty one.

This high principle is echoed in the oath that you took as a grand juror:

"You, as grand jurors for _____ County (or the statewide grand jury) do solemnly swear (or affirm) that you will diligently inquire into all matters put in your charge and you will make true presentments of your findings; unless ordered by a court, you will not disclose the nature or substance of the deliberations of the grand jury, the nature or substance of any testimony or other evidence, the vote of the grand jury, or the statements of the state attorney (or the statewide prosecutor); you shall not make a presentment against a person because of envy, hatred, or

malice, and you shall not fail to make a presentment against a person because of love, fear, or reward. So help you God."

The early colonists brought the grand jury system to this country from England. It has been with us ever since. It is recognized in the Constitution of the United States and in the Constitution of Florida.

(The Statewide Grand Jury was created in 1973 to "strengthen the grand jury system and enhance the ability of the State to detect and eliminate organized criminal activity by improving the evidence gathering process in matters which transpire or have significance in more than one county." Section 905.32, Florida Statutes.)

## THE GRAND JURY AS AN ACCUSING AND INVESTIGATING BODY

Our constitution provides that no person shall be brought to trial for a capital crime except upon indictment of a grand jury. This means that no one may be prosecuted for a capital crime except by a vote of the grand jury. Except for capital crimes, the state attorney (or the statewide prosecutor) may initiate all other criminal charges. The grand jury of course may indict for any crime that the evidence justifies.

The wisdom of leaving to the state attorney (or the statewide prosecutor) the bringing of charges as to crimes less than capital crimes and traffic violations is readily apparent. If the grand jury was required to initiate the prosecution of less serious crimes through indictment, the grand jury would be so overwhelmed with complaints that it could not perform its more important duties.

Charges of crime may be brought to your attention in several ways: by the court; by the state attorney (or the statewide prosecutor); from personal knowledge brought to your body by any member of the grand jury; and, lastly, by private citizens who have a right to be heard by a grand jury in formal session and with the grand jury's consent. The bulk of the grand jury's work probably will be concerned with cases brought to its attention by the state attorney (or the statewide prosecutor). In most instances a person being considered for indictment by the grand jury will have been held preliminarily on a charge brought before a judge sitting as a committing magistrate, who bound that person over for action by the grand jury. The accused will be either in custody or on bail. Your action, therefore, should be reasonably prompt in either voting an indictment as to the charge or returning a "no true bill."

The grand jury should consult with the state attorney (or the statewide prosecutor) or an assistant state attorney (or the assistant statewide prosecutor) in advance of undertaking a formal investigation on the grand jury's own initiative.

A grand juror may not be subject to partisan secret influences. Consequently, no one has the right to approach a juror in order to persuade that juror that an indictment should or should not be found. Any individual who wishes to be heard by the grand jury should be referred to the state attorney (or the statewide prosecutor) or to the foreperson of the grand jury, and thereafter be heard only in formal session of the grand jury.

It is imperative that you always keep in mind that as a grand juror you are a public official, with the duty of protecting the public by enforcing the law of the land. Therefore, even though you may think a certain law to be unduly harsh or illogical, that should not influence your judgment in carrying out your duties as a grand juror. A citizen has the right to endeavor to change the law. A grand juror, being a public official, has a duty to enforce the law as it exists despite any personal inclinations to the contrary.

The grand jury in addition to the duty of formally indicting those charged with crime has the further important duty of making investigations on its own initiative, which it will report as a "presentment." This duty permits investigation of how public officials are conducting their offices and discharging their public trusts. The grand jury may investigate as to whether public institutions are being properly administered and conducted. It has the power to inspect those institutions and, if necessary, may call before the grand jury those in charge of the operations of public institutions as well as any other person who has information and can testify concerning them. If the grand jury finds that an unlawful, improper, or corrupt condition exists, it may recommend a remedy.

The grand jury may not act arbitrarily. Investigations shall not be based upon street rumor, gossip, or whim, and the investigations cannot be the subject of a grand jury presentment. The grand jury can only investigate those matters that are within its jurisdiction, geographic and otherwise. The limitations of the grand jury's jurisdiction have been set forth for you by the court in its instructions.

It is important to keep in mind that no individual should be unjustly criticized or held up to scorn or public resentment, particularly when it is remembered that the individuals who may be criticized had no opportunity to defend themselves or give reply to the charges. A grand juror must keep in mind that the grand jury is the ultimate instrument of justice and should never be subverted to become the vehicle for harassment or oppression.

## OFFICERS OF THE GRAND JURY

The judge who presided over the impaneling of the grand jury in the "charge to the grand jury" advised you formally and in great detail as to how the grand jury is organized and functions. In summary, the grand jury consists of 15 but no more than 21 members. Its officers are the foreperson, who will preside over the grand jury deliberations to make sure they are carried on in an orderly fashion including overseeing the examination of the witnesses; a vice-foreperson, who will preside in the absence of the foreperson or if for any reason the foreperson is not able to carry out his or her duty; and the clerk, who will keep a record of the proceedings had before the grand jury and formally make return of these records to the clerk of the circuit court (or clerk of the Supreme Court in the case of the statewide grand jury) for safekeeping. The foreperson and vice-foreperson are appointed by the judge and the clerk is appointed by the foreperson (or in the case of the statewide grand jury, may be selected by the group). The state attorney (or the statewide prosecutor) or assistant state attorneys (or assistant statewide prosecutors) will act as the legal advisers to the grand jury. The grand jury also will be provided an official court reporter or recorder to record the testimony before the grand jury.

If the grand jury has its own budget, a treasurer of the grand jury may also be appointed to keep account of all receipts and disbursements made to or from the grand jury budget.

If any question should arise concerning how the grand jury shall operate or function, you may apply to the judge, who will advise you.

## PROCEDURES

Not less than 15 members of a grand jury must always be present to constitute a quorum. If less than a quorum exists, the proceedings of the grand jury must be halted until a quorum is present. Grand jurors, who, because of an emergency, find that they will be unable to attend a grand jury session should advise the grand jury clerk or foreperson immediately.

An affirmative vote of at least 12 members of the grand jury is necessary to the return of a true bill or indictment. Therefore, even though a quorum is present it still requires at least 12 votes of individual members, rather than a mere majority of those present, in order to return a true bill.

## PROCEEDINGS OF THE GRAND JURY

Most of the work of the grand jury involves hearing witnesses and determining the sufficiency of evidence on the issue of whether that evidence, without regard to possible defenses, justifies indictment. Generally, the state attorney (or statewide prosecutor) or assistant state attorneys (or assistant statewide

prosecutors) will present and explain the charge to the grand jury and advise as to the witnesses who will be presented, either voluntarily or upon being summoned on the request of the state attorney (or statewide prosecutor) or the grand jury itself. The grand jury may call any witness it deems appropriate and necessary.

The witnesses will be called one by one and placed under oath to tell the truth. Generally, the state attorney (or statewide prosecutor) will administer the oath. This oath should be administered in a solemn, dignified, and deliberate manner in order to impress upon the witness the seriousness of the situation and the duty to be truthful. The state attorney (or the statewide prosecutor) or assistant state attorneys (or assistant statewide prosecutors) ordinarily will undertake to question the witnesses first. If the foreperson, or any member of the grand jury desires to do so, they then also may propound questions. It is suggested, however, that any question first be submitted to the state attorney (or statewide prosecutor), who will determine whether the question is appropriate.

Grand jurors should keep in mind that they are acting in a judicial capacity and sitting in judgment of evidence before them. For this reason all questioning should be done in a calm, impartial, and objective manner without indicating the personal feelings of the person asking the questions.

Occasionally, a witness when brought before the grand jury refuses to testify or answer questions. If this occurs, both the question the witness has refused to answer and the fact of refusal should be carefully recorded. The matter then should be brought before the court, with a complete copy of the record, in order to obtain from the court a ruling on whether the witness may be compelled to answer the question. In most instances a refusal to answer is based upon the claim of the witness that the answer will violate the constitutional right against self-incrimination. If the answer does tend to incriminate the witness, the witness cannot be made to answer. If it does not, however, the witness will be ordered to answer under penalty of contempt.

An accused person cannot be compelled to testify before a grand jury although one under investigation by the grand jury may appear voluntarily to testify. In that event, however, the grand jury should proceed with great caution and should not permit one under investigation to testify until after first conferring with the state attorney (or the statewide prosecutor). If an accused, or any person under investigation, is permitted to testify before the grand jury without waiving the constitutional right against self-incrimination, any indictment or presentment would be null and void.

It is clear that the matter of forcing a witness to testify or of giving the accused an opportunity to testify raises complicated legal questions. The advice of

the state attorney (or the statewide prosecutor) and, when necessary, a ruling from the court, therefore, always should be sought when these questions arise.

A witness is permitted to be represented before the grand jury by one attorney. The attorney may be present for the purpose of advising and consulting with the witness, but may not address the grand jurors, raise objections, or make arguments. (This provision does not apply to proceedings of the Statewide Grand Jury.)

## DETERMINATION WHETHER TO RETURN AN INDICTMENT OR A NO TRUE BILL

When the grand jury has heard all necessary or available witnesses and is prepared to deliberate on the issue whether to indict or return a no true bill, the foreperson must compel all persons to leave the grand jury room except the members of the grand jury themselves. No other person is permitted in the grand jury room during its deliberations, even including the state attorney (or the statewide prosecutor), court reporter, and interpreter.

When the question of whether to indict or return a no true bill is presented, all grand jurors have the right to comment on the evidence and to express their views of the matter. Only when all members of the grand jury have expressed themselves and each has been given the opportunity to be heard should a vote be taken. A vote to return an indictment can be found only upon the affirmative vote of at least 12 members of the grand jury.

Similar proceedings should be taken when the matter to be discussed is not a criminal charge or indictment but a presentment, as noted above.

If all persons, except the grand jurors, are not removed from the grand jury room during its deliberations, any indictment or presentment would be nullified.

## THE STATE ATTORNEY (OR THE STATEWIDE PROSECUTOR) AS LEGAL ADVISOR TO THE GRAND JURY

The court in its charge to the grand jury outlined the part that the state attorney (or the statewide prosecutor) will play in assisting the grand jury. The state attorney (or the statewide prosecutor) will assume responsibility for presenting witnesses and bringing testimony before the grand jury. The state attorney (or the statewide prosecutor) is a public official and is entitled to the confidence and cooperation of the grand jury.

It occurs sometimes, however, that even the best of advisors may be in error. If a difference of opinion arises between the state attorney (or the statewide

prosecutor) and the grand jury and it cannot be resolved amicably, the matter should be brought before the presiding judge for a ruling.

## SECRECY OF GRAND JURY PROCEEDINGS

Secrecy as to all grand jury proceedings is of the utmost importance. This includes not only the actions upon an indictment or a presentment but even the fact that any such matter was considered, or any witness was called. It is only in this manner that the grand jurors themselves can be protected from pressure by persons who may be involved by the action of the grand jury. Secrecy also is the only protection that a witness may have before a grand jury, which will protect the witness from being tampered with or intimidated before testifying at the trial. Further, secrecy may prevent one under indictment, or subject to indictment, from escaping while the issue of indictment is under consideration. It also should be remembered that secrecy may encourage witnesses to give the grand jury frankly and candidly any knowledge they may have concerning crime or corruption. Lastly, and of equal importance to all other consideration of secrecy, is the fact that an innocent person who has been subjected to a charge but not indicted should be protected from the embarrassment and disgrace attendant upon the making of a charge before a grand jury.

The pledge of secrecy is paramount. It also is permanent.

A grand juror will not communicate to family, friends, associates, or anyone concerning any matter that takes place in the grand jury room. The only time this veil of secrecy may be lifted is by order of the court after a full hearing, and then only in exceptional cases.

## PROTECTION AND IMMUNITY OF GRAND JURORS

Grand jurors are fully protected from actions against them by being an independent body answerable to no one except the court that empanels it. No inquiry may be made to learn what grand jurors said or how they voted. The law gives the grand juror complete immunity for official acts. There is only one exception: if a grand juror testifies as a witness for the grand jury as to a commission of a crime and that testimony is perjured, the juror could be prosecuted for that perjury. This complete protection for the official acts obviously is vital to the operation of the grand jury and points up that grand jurors should be citizens of unquestionable integrity and high character.

## ON BEING A GRAND JUROR —
## SOME PRACTICAL SUGGESTIONS

Attend all sessions of the grand jury. Your attendance should be regular and on time. If you are unable to attend a session and wish to be excused, obtain

permission from the foreperson. The unexpected lack of a quorum could cause a great loss of money, as well as the time of the jurors, the authorities, and the witnesses. The public is depending on you.

Pay close attention to testimony given and the evidence presented.

Be courteous to the witnesses and your fellow jurors.

Fix the time and place of your meetings, keeping in mind the convenience of the public and the witnesses as well as yourselves and the state attorney (and the statewide prosecutor).

Do not interrupt until the state attorney (or the statewide prosecutor) has finished questioning the witness. In all probability the evidence you are interested in will be brought out by those questions.

Listen to the opinions of your fellow jurors, but maintain your own independent viewpoint.

Be independent, but not obstinate.

Be absolutely fair. You are acting as a judge. You therefore must be guided by your own good conscience and sense of justice.

All jurors have an equal voice in determining whether an indictment shall be returned. Each of you has a right to state your reasons.

Do not remain silent when the case is under discussion and then, after a decision has been made, criticize the acts of the grand jury.

A reckless grand jury is as bad as a weak grand jury.

Do not attempt to investigate matters beyond the province of the grand jury, or merely because someone suggested an investigation.

Above all, refrain from discussing grand jury matters with fellow jurors outside of the grand jury room.

Each juror has a duty and responsibility equal to yours. Each juror is entitled to be satisfied with the evidence. If others wish to pursue a matter further, no effort should be made to dismiss the witness or shut off proper discussion.

## CONCLUSION

Your membership on the grand jury is an honor. You are one of the few citizens who have been called upon to perform this service. Your service as a grand juror will be a source of pride and satisfaction to you if you devote to it the responsible participation and dedicated service that the grand jury is entitled to expect from its members.

**Comment**

The grand jury handbook was initially approved in 1981. It was amended in 1991, in June 2002, ~~and~~ September 2005, and 2014.

**FLORIDA GRAND JURY INSTRUCTIONS**

**The Supreme Court Committee
On Standard Jury Instructions
In Criminal Cases**

# 1       PRELIMINARY STATEMENTS

**1.1**     **LADIES AND GENTLEMEN, the oath you have just taken now constitutes you the grand jury for _____ (county) (or the statewide grand jury) for this term of court. Your term begins today and will continue through the (date). You will not be expected to remain in continuous session, but you will be called from time to time when circumstances require your consideration. Your immediate duty will be to consider those matters to be presented to you at this time.**

**1.2**     **It is my duty to instruct you concerning your duties and it is your duty to follow these instructions as you understand them.**

**1.3**     **Your duties are those of an investigative body. You are authorized to inquire into and investigate both criminal and civil matters. You should be fully aware at all times of the enormous power vested in the grand jury. This power carries with it the profound responsibility to see that it is not abused. You are responsible only to the court.**

**1.4**     **No duty of citizenship is more important than service as a grand juror, for no other group of citizens has the opportunity to make a more valuable contribution to the administration of justice.**

**1.5**     **The grand jury system is of ancient vintage. History has proved its effectiveness in regulating the affairs of free people. The seven hundred years of its existence in its present form justifies it as a guardian of all that is comprehended in the police power of the state.**

**1.6**     **You always should keep in mind that the grand jury is both a sword and a shield… a sword because the power of the grand jury has a chilling and deterrent effect on those who violate the law… it is a shield because of its power and duty to protect the innocent against persecution.**

**1.7**     **Your service as a grand juror will be a satisfying and rewarding experience for by it you will participate directly in the administration of justice. You will have the opportunity, if circumstances justify it, to inquire into, examine, and investigate not only violations of the criminal**

law but all phases of the civil administration of government. You should bring to your task your most wholehearted and conscientious efforts. The grand jury is one of the keystones of democracy. Grand jurors upon being called into service are expected to exercise their honest convictions and best judgment in the administration of justice. The grand jury operates freely, unhampered, and subject only to the restraint fixed by the limitations and requirements of the law itself.

1.8 **The importance of your work as a grand juror of this county** (or the statewide grand jury) **and your grave responsibility must be realized by each of you and be kept in mind during all of your investigations and deliberations.**

## 2 INSTRUCTIONS ON CRIMINAL MATTERS

2.1 **The function of the grand jury in criminal matters is to investigate and determine whether there is sufficient evidence to justify an indictment against an accused.**

2.2 **It is not your** ~~province~~ <u>responsibility</u> **to try the case and determine** ~~the guilt or innocence of the accused~~ <u>whether the accused is guilty or not guilty</u>**, and you are not expected to do this.**

2.3 **The** ~~guilt or innocence of~~ <u>question of whether</u> **a person indicted by the grand jury is** <u>guilty or not guilty is</u> **determined by a trial jury that will be specially empaneled to try the case. The trial jury hears all the evidence, on both sides, in an adversary proceeding under the supervision of a trial judge.** ~~Upon the trial based upon the indictment~~ <u>During the trial,</u> **the accused is entitled to be present and have the assistance of counsel**<u>.</u> ~~and~~ <u>Aa</u> **verdict is rendered only after the accused has had an opportunity to see and hear the witnesses, examine the evidence, and have the case argued by counsel. The trial jury will be charged by the trial judge on the law applicable to the case. These safeguards are designed to protect and preserve the constitutional rights of an accused.**

2.4 **Your duty is only to ascertain whether there is "probable cause"** <u>to believe that</u> **a crime has been committed by the** ~~person so~~ **accused. If the evidence is sufficient to constitute "probable cause," then it is your duty to find what is known as a "true bill." If the grand jury does find a "true bill" and it is properly returned in open court, it then becomes the "indictment" on which the accused will be put to trial.**

**2.5** "Probable cause," which must be shown to your satisfaction before you will be justified in returning a "true bill," is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that a particular person is guilty of a particular crime.

**2.6** You should vote to return a "true bill" if you find "probable cause" that a crime has been committed and that the accused probably did commit that crime There may be instances when it seems probable that a crime has been committed and yet you feel that the accused is not guilty or you have a strong doubt in your mind as to guilt. In those cases you should vote not to return a "true bill," for in those cases you should keep in mind that you have heard only one side of the case and have no knowledge of the defendant's side of the case. Certainly, if there is considerable doubt in your minds of the accused, then it cannot be expected that the State could convince a trial jury of a defendant's guilt beyond every reasonable doubt, when the State's case will be vigorously attacked and the trial jury also will hear the defendant's story.

A state attorney (or a statewide prosecutor) will advise and counsel the grand jury as its legal advisor and while you do not have to follow that advice you should give it strong consideration. The state attorney (or the statewide prosecutor) also will be in a position to advise whether other evidence may be available at the time of trial if the accused is indicted.

**2.7** When so justified it is your solemn duty to cause the accused person to be indicted; likewise, when an indictment is not justified, it is equally your solemn duty to clear the accused person by returning a "no true bill."

**2.8** Our state constitution provides that no person may be tried for a capital crime except on presentment and indictment by a grand jury. A capital crime is one that is punishable by death. Although you have the authority to do so, the court recommends that a grand jury not investigate criminal matters other than capital cases unless they are of such public importance that they justify the additional time and expense of investigation by the grand jury. Again, you should give weight to the recommendations and advice of the state attorney (or the statewide prosecutor) in the matters you are investigating; however, the final decision rests with you. You should keep in mind, however, that the state attorney (or the statewide prosecutor) in most cases has thoroughly investigated the case and will have the responsibility to prosecute the

**indictments resulting from your investigation. The state attorney** (or the statewide prosecutor) **has the duty to provide you not only the evidence unfavorable to the person under investigation but also any matters favorable to that person that are known; consequently, the state attorney's** (or the statewide prosecutor's) **recommendations usually are both practical and well-founded.**

2.9     **The grand jury should not cause any subpoena to be issued for a witness nor permit any witness to appear before it without first consulting the state attorney** (or the statewide prosecutor) **or an assistant. This is in order to avoid inadvertently giving immunity to a person who may be subject to indictment.**

2.10    **The court recommends that the grand jury call witnesses and consider evidence only in those matters that are under consideration for presentment or indictment, and refrain from calling witnesses or gathering evidence to be used in cases in which an indictment or information has already been filed. You of course may continue with any incomplete investigations, or call witnesses and consider evidence as to any new charges against a person already indicted.**


3       CIVIL INSTRUCTIONS

3.1     **The grand jury is not limited to investigation of criminal matters. It has broad powers to make inquiries into civil administration, regardless of whether criminal or irregular conduct is charged. It has power to investigate public offices to determine if they are being conducted according to law and good morals. It also has power to investigate the conduct of public affairs by public officials and employees, including the power to inquire whether those officials are incompetent or lax in the performance of their duties.**

3.2     **The grand jury should investigate every offense affecting the morals, health, sanitation, and general welfare of the county. It should inquire into matters of governmental administration, including county institutions, buildings, offices, and officers, and, when appropriate, make presentment concerning the physical, sanitary, and general conditions.**

3.3     **You are cautioned, however, that a grand jury investigation shall not be made the tool of any group in order to harass or oppress any individual or institution or to pry into private affairs without good cause.**

Indictments based on street rumors or common gossip will not be permitted. No person should be singled out by the grand jury for the purpose of censure or to hold them up to scorn or criticism by imputation or innuendo. It is improper to make a presentment using words of censure or reprobation so that a public official or any other person is impugned or embarrassed, unless you return a "true bill."

3.4 This is not to say, however, that the grand jury may not make a fair report on its findings even though the report incidentally may reflect negligence or incompetence on the part of a public official. There are no limitations on the grand jury telling the truth when circumstances justify it. Grand jury investigations of civil matters and local government are not uncommon. They are necessary and commendable if they produce good results. The searching eye and inquiring mind of the grand jury is an effective deterrent to evil and corruption; no officer or agency of government is above or beyond the reach of the grand jury. A public official or employee who conducts public work in a proper manner has no reason to fear the grand jury, and if there are reasons to do so, you should not hesitate to call any public official or employee before you.

## 4 PROCEDURE

4.1 The officers of the grand jury are the foreperson and vice-foreperson, both to be appointed by the court (or elected by the statewide grand jury body), and the clerk, to be appointed by the foreperson.

DUTIES OF THE FOREPERSON: To preside over your sessions and see that they are carried on in an orderly fashion; appoint your clerk at your first session; be responsible for seeing that no person participating in or advising the grand jury has any conflict of interest with the duties of a grand juror; consult with the state attorney (or the statewide prosecutor) concerning the scope, means, and method of the grand jury's investigation; report to the court any grand juror who the foreperson has reason to believe has violated the oath, duties, or responsibilities, or who is subject to disqualification; sign all interim and final reports approved by the grand jurors; return to the court a list of all witnesses who shall have been sworn by the grand jury; and sign presentments and indictments approved by the grand jurors.

**DUTIES OF THE VICE-FOREPERSON:** The vice-foreperson shall act in the absence of the foreperson and perform all the duties incumbent on the foreperson.

4.2 **DUTIES OF THE CLERK. The clerk shall keep an attendance record of the grand jurors present and absent at each session; keep minutes of the proceedings at each session. The minutes shall reflect the subject matter of the proceeding and the names of the witnesses testifying in relation. The clerk shall record the aye and nay vote on each vote taken by the grand jury, but by number only and not by the names of the grand jurors. The clerk also shall sign all interim and final reports approved by the grand jury.**

(Give only if applicable.) **This grand jury has had a special fund budgeted for its use. The court will therefore appoint one of your number treasurer of this grand jury. The treasurer shall keep accounts of all receipts and disbursements of any funds received or disbursed by the grand jury.**

4.3 **The state attorney** (or the statewide prosecutor) **and assistants are your legal advisers on all matters that come before the grand jury. It is your duty to give weight and careful consideration to this advice. The state attorney** (or the statewide prosecutor) **or an assistant shall be present at all times when you are making investigations, and will interrogate the witnesses and administer the necessary oaths.**

**The state attorney** (or the statewide prosecutor) **will draft "true bills" for the grand jury and will provide the means for the drafting of its presentments.**

4.4 **Every grand jury shall consist of not less than 15 nor more than 21 persons. At least 15 of the jury must be present at all times when the jury is functioning. A favorable vote of not less than 12 of those present is necessary to the finding of any "true bill," presentment, or report. (The Statewide Grand Jury shall be composed of 18 members of which 15 members shall constitute a quorum.)**

4.5 **It is within your discretion to recess from day to day and week to week subject to the requirements of your duties. You are reminded, however, that ~~the~~ your term ~~of court~~ is limited and the time within which you may act likewise is limited. You therefore should attend to your duties diligently and in as short a time as is compatible with the necessary attention to the work to be done.**

**4.6** The testimony and statements of those appearing before the grand jury will be recorded by stenographic or mechanical means. The court reporters are officers of the court and are bound to secrecy when serving the grand jury. The law requires that the notes, records, and any transcriptions prepared by the court reporter be impounded and sealed when your work is completed. The court reporter's notes may not be transcribed unless ordered by the court or the grand jury itself, and even after transcription they may not be inspected by any person other than the state attorney (or the statewide prosecutor) and the grand jury, except upon order of the court.

The decision to have a court reporter present during your sessions is to be made by the grand jury after due consideration to the nature of the work to be done, and it is recommended that the grand jury follow the advice of the state attorney (or the statewide prosecutor) on this question.

**4.7** If necessary, the grand jury is authorized to obtain the services of a qualified interpreter of a foreign language. An interpreter will be provided you upon request.

**4.8** Bailiffs provided by the sheriff will be available to the grand jury as needed.

**4.9** It is the duty of the judges of this court not only to initially charge a grand jury concerning its duties but also to be available at all reasonable times to advise the grand jury in the event it becomes necessary. If at any time during your term you feel it necessary, you may call upon the court for any assistance it can render you.

**4.10** This grand jury has a duty to cooperate with any other grand jury investigations being conducted in this county or elsewhere in the state if the administration of justice requires it, including making reports of your investigation available to any subsequent grand jury of the county (or the statewide grand jury).


**5      DISQUALIFICATION OF A GRAND JUROR**

**5.1** A grand juror is disqualified from participating in an investigation of any person to whom the grand juror is related by blood or marriage or when a grand juror has a conflicting interest in any matter under investigation by the grand jury. Grand jurors found to be disqualified may excuse themselves or may be excused by the court, or a majority of

the grand jurors may vote to prohibit a juror's participation in the investigation, deliberation, or voting.

The court should be promptly advised of the disqualification of any juror.

**6  DISQUALIFICATION OF STATE ATTORNEY** (OR STATEWIDE PROSECUTOR)

6.1  **If the state attorney** (or the statewide prosecutor) **is disqualified from advising and participating in the duties of the grand jury, the court will appoint a special state attorney** (or a special statewide prosecutor)**.**

**The state attorney** (or the statewide prosecutor) **will counsel, assist, and advise the grand jury; however, should any irreconcilable conflict arise between the state attorney** (or the statewide prosecutor) **and the grand jury, the court is available to assist in resolving the problems.**

**7  JURY FUNCTIONS ONLY AS A BODY**

7.1  **The grand jury functions and operates only as a whole body. No individual or group of grand jurors may make, or attempt to make, any independent investigation whatsoever.**

7.2  **The law provides that, if a grand juror knows or has reason to believe that an indictable offense triable in this county has been committed, the juror shall declare that fact to the other jurors for investigation. Individually, a juror may receive information but that information shall be reported immediately to the foreperson or the state attorney** (or the statewide prosecutor) **for investigation if it is of interest to the grand jury or relevant to its investigations.**

**8  CHILD LABOR, ELECTION, SUBVERSIVE ACTIVITIES LAWS**

8.1  **CHILD LABOR LAW: The law requires that the court specifically charge the grand jury, and you are now charged, to investigate any alleged violation of the child labor laws of the state.**

8.2  **ELECTIONS: If requested by any candidate or qualified voter, the grand jury, if it convenes during a campaign period preceding an election day, shall investigate to determine if there are any violations of**

the election code. A "true bill" shall be returned if grounds exist for same.

8.3    SUBVERSIVE ACTIVITIES LAW: The subversive activities laws of this state make it unlawful for any subversive organization or foreign subversive organization to exist or function in the State of Florida. The court charges you that, if you have any information or belief concerning violation of the subversive activities laws, you will report the information to the court immediately. You are further charged that, if circumstances make it appropriate, you will inquire into the violation of the subversive activities laws and may inquire generally into the purposes, processes, and activities or other matter affecting communists or any related or other subversive organization.

## 9    OATH

9.1    The court would now like to emphasize the importance of the oath that each of you has just taken. The oath is prescribed by law and contains in simple terms the solemn obligation by which you are bound, and which you must observe in every respect. It contains no unnecessary words. It means exactly what it says.

9.2    The oath, in part, is that "You, as grand jurors for _____ County (or statewide prosecutor) **do solemnly swear** (or affirm) **that you will diligently inquire into all matters put in your charge and you will make true presentments of your findings; unless ordered by a court, you will not disclose the nature or substance of the deliberations of the grand jury, the nature or substance of any testimony or other evidence, the vote of the grand jury, or the statements of the state attorney** (or the statewide prosecutor)**."**

9.3    The importance of this part of the oath binding you to secrecy cannot be over-emphasized. I now charge you that you shall not under any circumstances discuss the matters to be kept secret unless you are released by court order. Your vote shall never be known; the opinion expressed by any of you on any matter before the grand jury shall never be made known; and the testimony given before you shall not be made known except by order of court. This secrecy is binding upon you for all time.

9.4    The oath concludes as follows:

"You shall not make a presentment against a person because of envy, hatred, or malice, and you shall not fail to make a presentment against a person because of love, fear, or reward. So help you God."

9.5     The oath, like the grand jury system itself, is of ancient vintage. It is in substance the same oath as was administered to grand juries under the common law. It is near perfect. It contains the rules and high standards of fearless and impartial justice that will govern you in your service as the grand jury of this county (or statewide grand jury). Its solemn dictates are as appropriate today as they have been in the long past.


## 10     CONCLUSION

10.1    The instructions you have just been given constitute the general charges that are given to the grand jury as to its duties, responsibilities, and procedures. You are admonished to give careful and serious consideration to all phases of all parts of the charge. You are to follow these charges, and having done so you should act according to the dictates of your own conscience and only in the best interest of the citizens of this county (or the state).


## 11     APPOINTMENT

11.1    The court appoints _____ as foreperson, and _____ as vice-foreperson, or in the case of the statewide grand jury, authorizes you as a group to select your foreperson and vice-foreperson. The foreperson will appoint the clerk and advise the clerk of the circuit court (or Supreme Court) of the clerk's name so that it may be entered in the minutes of the court. You may now retire to the grand jury room ~~and commence your labor~~ to begin your work.

### Comment

The grand jury instructions were initially approved in 1981. They were revised in 1991 and amended in June 2002, ~~and~~ September 2005, and 2014.